McGraw, *et al. vs.* Canton, *et al.*

(Decided 18th June, 1891.)

WILLIAM J. McGRAW, JAMES McCOLGAN, and SIDNEY HALL *vs.* SUSAN L. CANTON, and others. JOHN B. McGRAW *vs.* WILLIAM J. McGRAW, and others.

*Attorney and Client—Employment—Compensation.*

A testator devised all of his property, except a lot of ground, to a daughter in trust for the use and benefit of his children.  Shortly after his death, a deed was placed on record which conveyed the

bulk of his property to, the same daughter absolutely. On a bill filed by a son of the testator this deed was vacated for fraud; and on petition filed in the same cause the Court decreed that the counsel for the complainant should be paid out of the trust estate, although the children of the testator, other than the complainant, opposed the effort to vacate the deed, did not accept the services as rendered, and were not benefited by them. HELD:

That the fees of counsel were improperly allowed out of the trust estate, and he must look to his client for compensation.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, MCSHERRY, and BRISCOE, J.

*James McColgan,* (with whom were *Thomas C. Ruddell,* and *Sidney Hall,* on the brief,) for Mr. William J. McGraw, Ruddell and Hall, and McColgan.

The counsel whose services secured the setting aside of the fraudulent deed, and the bringing into the trust estate the property and money now being accounted for, are entitled to be paid out of the trust estate, the value of their services. *Insolvent Estate of Conrad Leiman,* 32 *Md.,* 225; *Trustees vs. Greenough,* 105 *U. S.,* 527; *Central Railroad vs. Pettus,* 113 *U. S.,* 116; *Cowdrey, et al. vs. Galveston, &c. Railroad,* 93 *U. S.,* 354.

*William S. Bryan, Jr.,* for John B. McGraw, Susan L. Canton, and others.

No fee can properly be allowed counsel out of the trust estate. They should look solely to William J. McGraw, for whom they appeared, for such compensation as they are entitled to. Neither in the original bill nor in the amended and supplemental bill, did William J. McGraw

pretend or allege, that he was doing anything except fighting for his own interest; there is no allegation or pretence that he was acting for, or on behalf of any one except himself.

A lawyer cannot render services to a man not at his express or implied request (much less against his will) and demand to be paid for it. *Neighbors vs. Maulsby,* 41 *Md.,* 481. He is bound, like other mortals, by the ordinary law of contract.

The cases are numerous where attorneys, employed by one distributee in an estate or one owner of an interest in property, who have by their exertions in behalf of their own client incidentally benefited others, or even the whole estate, have made claims for compensation against all the persons benefited, and where their pretensions have been disallowed. See *Ex parte Lynch,* 25 *S. Car.,* 193; *Wilson vs. Kelly,* 30 *S. Car.,* 483; *Taylor vs. Gorman,* 1 *Drury & Walsh,* 235; *Roselius vs. Delachaise,* 5 *La., Annual,* 481.

The power to allow counsel fees out of a fund, depends not on there being a trust, but upon whether the services were rendered for the benefit of a fund, before the Court for distribution, by an attorney who was acting on behalf of, and in the interest of, those who are entitled to the fund.

For instance, in a creditor's bill, where the suit is brought on behalf of the plaintiff, and all other creditors who come in, and contribute to the expenses of the suit, and a fund is created by sale or otherwise, the Court will, as incidental to the distribution, allow reasonable counsel fees to the attorneys acting on behalf of the plaintiffs — and all others similarly situated. *Trustees vs. Greenough,* 105 *U. S.,* 527; *Larkins vs. Paxton,* 2 *Mylne & Keene,* 320.

But even in these cases the fees will only be allowed out of such portion of the fund as goes to the creditors

who come into the case under the plaintiff's bill. Nothing but the taxed costs, fixed by the statutory fee bill, can be awarded against the defendants. *Adams vs. Kehlor Milling Co.,* 38 *Fed. Reporter,* 281; *Stanton vs. Hatfield,* 1 *Keen,* 358.-

BRISCOE, J., delivered the opinion of the Court.

There are two appeals in this case from orders of the Circuit Court of Baltimore City. The main question turns upon the right of the Court to allow counsel fees to Messrs. Ruddell and Hall and McColgan, for services rendered in setting aside a fraudulent deed from James McGraw to Susan L. Canton. The facts as disclosed by the record are these: On the first day of April, 1881, James McGraw made a will devising all his property, real and personal, except one lot of ground, to his daughter Susan L. Canton, in trust for the use and benefit of his children. Shortly after his death, a deed dated the 22d day of April, 1881, was placed upon record in Baltimore City, which conveyed the bulk of his property to Susan L. Canton absolutely. On petition of Wm. J. McGraw, this deed was set aside upon the ground of fraud, and the reasons therefor are set forth in an opinion of this Court reported in the case of *Canton, et al. vs. McGraw,* 67 *Md.,* 583. The sum of $3,000 was allowed by the Court as counsel fees out of the trust estate. The amount of property recovered and brought into the trust estate by reason of the suit is variously estimated by the witnesses from $7,000 to $21,000. The evidence in the case shows that the children of James McGraw, other than William J., opposed the effort to vacate the deed, and preferred that the property should pass to Mrs. Canton under the deed. They did not unite in employing Messrs. Ruddell and Hall and McColgan, and were not willing to recognize their services.

Their testimony is full and explicit to the effect that they did not accept the services as rendered, and were not

benefited by them, and that they stood ready to execute any acquittance to Susan L. Canton as if the deed of James McGraw to her had never been annulled. Now, we know of no legal principle by which these defendants, upon the facts of this case, can be required to contribute to the payment of counsel fees to one whom they did not employ, and whose services they claim were adverse to their interest. It was held in *Strike's Case*, 1 *Bland*, 98, that agreements between solicitors and suitors relative to professional services must be enforced like other contracts, and could not be introduced into and settled as a part of the case. The Chancellor said, in dismissing the petition, "that he knew of no practice of this Court, or of any analogous proceeding of the English Court, which would authorize the introduction of claims of this sort into a cause depending or about to be finally disposed of, and that contracts between solicitors and suitors, relative to professional services, are to be settled and decided upon in like manner as all other contracts." This case was affirmed by this Court in *Marshall, Fisher, et al. vs. Cooper*, 43 *Md.*, 62, and we there said that this has been the universal practice in this State.

We have, however, been referred to the case of *Davis, Brydon, et al. vs. Gemmell, et al.*, 73 *Md.*, 530, as establishing a different rule to govern such cases; and the appellants seek to bring their case within the rulings there made. But the facts of the present case are entirely different from those in the *Brydon Case*. There Messrs. Walsh, Poe and Carter had a contract and the decision rested upon the principle of an equitable assignment of the fund. And the fees allowed Messrs. Cross and Marbury were placed upon the ground that their clients had preserved the fund, and the allowance was to indemnify them for this outlay. But there is no evidence in this record to show that there was any contract between the plaintiff and his counsel as to what fees they should receive, and

their services were repudiated by the defendants. It has also been held, "that one cannot legally claim compensation for voluntary services to another, however beneficial they may have been, nor for incidental benefits and advantages to one flowing to him on account of services rendered to another by whom he may have been employed. Before legal charge can be sustained there must be a contract of employment either expressly made or superinduced by the law upon the facts." *Hand vs. Railroad Company,* 21 *South Carolina,* 178; *Wilson vs. Kelly,* 30 *South Carolina,* 483. We are therefore of opinion that the counsel fees were not properly allowed out of the trust estate, and that the counsel must look to their client, Wm. J. McGraw, for such compensation as they may be entitled to. The other question upon appeal, is in reference to the accounting of Susan L. Canton, trustee, with the trust estate of James McGraw. The auditor had been directed to charge Mrs. Canton—First, with the income of the real estate of James McGraw, from the time of his death to the time of the accounting; second, with the income of the leasehold estate of said James McGraw from the time of the last accounting in the Orphans' Court; third, with the balance due the estate as shown by the last administration account of Susan L. Canton, executrix, in the Orphans' Court and to allow Mrs. Canton credit for all expenses of the trust estate of James McGraw for which she shall produce proper vouchers. We have examined the testimony upon which these accounts were stated by the auditor, and the accounts filed in the case, and find auditor's account B, properly stated, except as to the allowance of counsel fees, which for reasons heretofore stated must be rejected. We shall, therefore, sustain the exception to the allowance of counsel fees in auditor's account, B, and overrule the other exceptions to auditor's accounts A and B. We are, therefore of opinion that auditor's accounts A and B are correct,

except as to the allowance of counsel fees, and that auditor's accounts X and Y were properly rejected. The order of Court, dated the 10th day of November, 1890, finally ratifying and confirming auditor's account B in so far as it allows counsel fees will be reversed, and said order in other respects will be affirmed. The order of like date, ratifying and confirming auditor's account A, will be affirmed, and this cause will be remanded to the end that an account may be stated in accordance with these views. The costs to be paid out of the trust estate of James McGraw.

*Reversed in part, and .*
*affirmed in part, and*
*cause remanded.*

(Decided 18th June, 1891.)