LOUISA M. BELL, Executrix of NANCY LECHLER *vs.*
JOHN E. FUNK, and others.

*Jurisdiction of Orphans' Court under sec. 256 of Art. 93 of
the Code—Allowance of Costs and Counsel fees to Contes-
tants of Claim of an Executor or Administrator—Sec.
95 of Art. 93 of the Code.*

A person who was both executrix and creditor of the estate of her
testatrix, presented her claim for passage by the Orphans' Court,
and its allowance was contested by the residuary legatees and
issues were framed and sent to a Court of law, said contestants
being made defendants in said proceeding.   On a petition filed by
the contestants praying for an allowance out of the estate for
costs and counsel fees already incurred, and thereafter to be in-
curred in defending their estate from said claim, it was HELD:

That, there being no express provision of law authorizing it, such
allowance would be in direct conflict with section 256 of Article
93 of the Code, which provides "that the Orphans' Court shall
not, under pretext of incidental power or constructive authority,
exercise any jurisdiction not expressly conferred by law."

Section 95 of Article 93 of the Code, provides, that if a creditor be
administrator, the claim shall not be received, although vouched
or approved as other claims, unless he make oath "that it does
not appear from any book or writing of his decedent that any
part of said claim hath been discharged, except what (if any) is
credited, and that to the best of his knowledge and belief no part
of the said claim hath been discharged, and no security or satis-
faction given for the same except what (if any) is credited."
HELD :

That should a legatee, distributee, or creditor desire to resist the
passage of such a claim, proved as required by law, he may have
issues sent to a Court of law; or if the claim should be passed
by the Orphans' Court, he may, if his rights should thereby be
impaired, have an appeal to the Court of Appeals; but in neither
case can he be allowed counsel fees and costs by the Orphans'
Court.

APPEAL from the Orphans' Court of Washington County.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J., and submitted for the appellees.

*J. Clarence Lane,* (with whom was *Henry H. Keedy,* on the brief,) for the appellant.

The able and exhaustive opinion of this Court in *Dalrymple vs. Gamble,* 68 *Md.,* 159, settles the law in this case, and clearly establishes the principle that when legatees or distributees embark in litigation for their own benefit, they make themselves liable for costs and expenses. *Code, Art.* 93, *sec.* 256; *Norment, et al., Ex'rs vs. Brydon,* 44 *Md.,* 116; *Townsend vs. Brooke,* 9 *Gill,* 90; *Bowie, Ex'r vs. Ghiselin,* 30 *Md.,* 557; *Ferguson vs. Cappeau,* 6 *H. & J.,* 402; *Code, Art* 93, *secs.* 5, 104, 250; 2 *American Law of Administration (by Woerner), p.* 820, *sec.* 395.

*David H. Wiles, Louis E. McComas,* and *Alexander Neill,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

Nancy Lechler, late of Washington County, in this State, died, leaving a will, which was duly admitted to probate in the Orphans' Court of said county, the appellant, Louisa M. Bell, having been named therein as executrix.

During the settlement of the estate of said deceased, the executrix presented for passage by the Orphans' Court a promissory note for six thousand dollars, purporting to have been signed by the testatrix.

John E. Funk and others, who were remaindermen and residuary legatees under said will, objected to the payment of the note, because it was a forgery, or procured by fraud or undue influence, or without consideration.

The appellant, thereupon, prayed issues to be sent from the Orphans' Court to the Circuit Court for Washington County to have the validity of said note determined, and the appellees were made defendants in said proceeding. Upon the trial of said issues the jury failed to agree, and the cause was standing for trial at the November Term, 1891, when, in October previous thereto, the appellees filed their petition in the Orphans' Court, setting forth the above facts, and praying for an allowance out of the estate for costs and counsel fees already incurred, and thereafter to be incurred, in defending said estate from the claim of the appellant, based upon said note. Upon this petition the Orphans' Court passed an order on the second of October, 1891, directing the appellant to be summoned and appear, on or before a day certain, to show cause why the costs and fees should not be allowed as prayed. In compliance with this order, the appellant duly filed her answer, alleging that said note was valid, and denying all the allegations in reference to fraud;—alleging, also, that the issues had not yet been tried; and that there is no provision of law which authorizes the Orphans' Court to appropriate any part of the estate of the testatrix to pay the costs and fees incurred by the petitioners. On the 27th October, after considering the foregoing petition and answer, and having heard argument thereon, the Orphans' Court passed an order directing the appellant as executrix to pay the sum of two hundred dollars to the counsel of the petitioners, as a fee.

From this order the executrix has appealed.

As will be perceived, the question for consideration is a very narrow one. We know of no authority, nor has

any been pointed out by the counsel of the appellees, by which the order appealed from can be justified.

It happens that Mrs. Bell is both executrix and creditor, and when she presented her claim for passage by the proper tribunal, the appellees, being residuary legatees, objected to its payment. When, therefore, they employed counsel to resist Mrs. Bell's claim, they were defending in their own right and for their own interest; and they must take the same risks that defendants always have to assume, namely, in case of failure, they must pay their own costs and counsel fees, and not ask another to do it for them. The Code (*Art.* 93, *sec.* 256) provides " that the Orphans' Court shall not, under pretext of incidental power, or constructive authority, exercise any jurisdiction not expressly conferred by law."

It is, and must be conceded by the appellees, that there is no express provision of law upon which they can stand; but they contend that, inasmuch as it was the duty of some one to defend the estate from the alleged fraudulent claim, and as they have assumed that duty, they should be allowed for money expended in that behalf. It is sufficient to say, in answer to this contention, that it is in direct conflict with the provision of the statute just referred to.

It is true that, in some of the States, the Legislatures have provided for a case like this, and when the executor has a claim which is disputed, he is required to resign before proceedings can be taken to enforce it, or an administrator *pendente lite* is appointed to manage the defence.

But such is not the law of this State. On the contrary, the Code (*Art.* 93, *sec.* 95) provides that, if a creditor be administrator, the claim shall not be received, although vouched or approved as other claims, unless he make oath " that it does not appear from any book or writing of his decedent that any part of the said claim hath been

discharged, except what (if any) is credited, and that, to the best of his knowledge and belief, no part of the said claim hath been discharged, and no security or satisfaction given for the same, except what (if any) is credited." Should a legatee, distributee, or creditor, desire to resist the passage of such a claim, proved as required by law, he may have issues sent to a Court of law; or if the claim should be passed by the Orphans' Court, he may, if his rights should thereby be impaired, have an appeal to this Court. *Stevenson, et al. vs. Schriver and Wife,* 9 *G. & J.*, 324.

But in neither case can he be allowed counsel fees and costs by the Orphans' Court—first, because it has no power so to do, and secondly, in most cases such a course would be unjust, and lead to useless and extravagant litigation.

> *Order reversed, and*
> *cause remanded.*

(Decided 15th March, 1892.)