EZRA M. SENSENEY, Trustee, *vs.* PHOEBE REPP, et al,

*Appeal by Trustee—Allowance of Counsel Fees Out of Proceeds of Sale of Infant's Land.*

A trustee may appeal from an order which requires him to account to the distributees of the estate for the amount of a fee paid by him to counsel under an auditor's account.

A bill was filed for the sale of land, which had descended to certain infants, on the ground that it was not susceptible of partition. After the sale was made, creditors of the deceased owner of the land intervened ; their claims were satisfied out of the proceeds of sale, and the balance distributed to the widow and children of said owner. The trustee paid the fee which was audited to the solicitor who had filed the bill and conducted the proceedings, but subsequently the Court, refusing to ratify the audit disallowed the fee and directed the trustee to pay the amount thereof to the distributees of the estate. *Held,* that the allowance of the counsel fees out of the amount payable to the infants was proper and that the audit as reported by the auditor should be ratified.

Appeal from an order of the Circuit Court for Carroll County (Reifsnider, J.)

The cause was submitted to the Court on brief by :

*Jos. D. Brooks,* for the appellant.

No appearance for the appellees.

McSherry, C. J., delivered the opinion of the Court.

The question presented by the record now before us lies in a very narrow compass. In February, nineteen hundred, a bill was filed on the equity side of the Circuit Court for Carroll County by the next friend of several infants, against those infants, the object being to procure a decree for the sale of certain real estate which had descended to those infants upon the death of their father, a certain Isaac W. Repp. The ground upon which the sale was sought was that the land was not capable of partition without loss or injury. Mr. Joseph D.

Brooks of the Carroll County Bar was employed to file the bill. The proceedings were conducted by him to final decree. After the sale had been made by the trustee named in the decree and had been ratified, and after the purchaser had paid the purchase money, it was discovered that Mr. Repp owed at the time of his death debts exceeding in amount the value of the personal estate left by him. Thereupon some of the creditors filed a petition in the equity cause intended to convert, and which did in effect convert, the proceeding from a partition suit into a creditor's suit. Finally an audit was stated wherein the claims not paid out of the decedent's personal estate were allowed out of the proceeds of the sale of the real property, and the surplus was distributed to the widow and infants. In the audit a credit of one hundred dollars was allowed the trustee for a fee of that amount paid to Mr. Brooks for filing the original bill and for conducting the proceedings to final decree. No exceptions were filed to the ratification of the audit and it was finally ratified with the exception of the credit of the one hundred dollar fee. The Court apparently of its own motion disallowed that credit and directed the trustee to pay that one hundred dollars to the widow and children of the intestate in addition to the amounts audited to them. From that branch of the order of ratification the trustee has appealed. The single question is this : Was the solicitor who conducted the proceedings instituted for a sale of the land entitled to a fee out of the proceeds of sale ?

There ought to be no doubt or difficulty about such a question. It appears by the audit that the trustee actually paid Mr. Brooks the fee ; and, therefore, the order directing the trustee to pay the same money over again to other and different parties exposed him to a liability from which he could only escape by appealing. This is not a case where the trustee being a mere stakeholder undertakes to appeal from an order distributing the fund in his hands and where the real contest is one between creditors in which he is not involved, as in *Stewart* v. *Codd,* 58 Md. 86 ; but it is a case where the trustee has clearly been aggrieved by the order appealed from inas-

much as that order distinctly requires him to pay to the widow and children of the decedent a sum of money which he had previously paid to Mr. Brooks.  The fee paid to Mr. Brooks did not diminish the amounts to which the creditors were entitled, for the creditors were all paid in full.  The services which the counsel rendered were services rendered the infants and if he cannot be compensated out of the funds belonging to them he would not be compensated at all.  He is not in the attitude of an attorney seeking remuneration out of funds belonging to a party against whom he is conducting adverse proceedings as in *McGraw* v. *Canton*, 74 Md. 559, and *B. & O. R. R. Co.* v. *Brown et al.*, 79 Md. 442; but he is seeking remuneration out of a fund which his services have produced and produced for the benefit of the persons whose interests he in reality represented.  His services were rendered for the benefit of the infants.  Being infants they were unable to contract with him.  But the fund which those services realized were in Court and after the debts due by the decedent had been paid belonged to the widow and infants.  It was entirely proper that out of what belonged to them the fee should be paid.  That portion of the order of ratification which disallowed the fee of Mr. Brooks and distributed the amount of that fee to the widow and children must be reversed and the audit will stand ratified in its entirety as originally reported by the auditor.

*Order reversed with costs and audit as reported by the auditor ratified.*