## CHILDS v. CHILDS.

(Supreme Court, Appellate Division, First Department.  April 7, 1911.)

1. MOTIONS (§ 43*)—RENEWAL—LEAVE TO RENEW.

Where defendant's motion to vacate an order for his examination before trial has been denied, he must obtain leave of court in order to renew the motion.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. § 43.*]

2. DISCOVERY (§ 61*)—ORDER—MODIFYING OR VACATING ORDER.

A judgment for defendant, ordered upon the pleadings, with leave to the plaintiff to amend his complaint, does not ipso facto vacate an order for defendant's examination before trial; but where plaintiff's amended complaint has been served, but not answered, an order setting a date for defendant's examination will be vacated.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 75; Dec. Dig. § 61.*]

Appeal from Special Term, New York County.

Action by Irving W. Childs against Eversley Childs, individually and as sole trustee under the last will and testament of William H. H. Childs, deceased. From an order denying a motion to vacate an order for examination of defendant before trial, defendant appeals. Order reversed in part, and otherwise affirmed.

See, also, 140 App. Div. 906, 125 N. Y. Supp. 1115; 128 N. Y. Supp. 781.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Wm. W. Niles, for appellant.

Edwin R. Leavitt, for respondent.

SCOTT, J. [1] In so far as the defendant sought to vacate the order for his examination his motion was properly denied. He had

already once made that motion, without success, and in order to renew it he should have first obtained leave to do so.

[2] The fact that judgment had been ordered in defendant's favor upon the pleadings, but with leave to the plaintiff to amend his complaint, did not serve to vacate ipso facto the order for defendant's examination, although it might have furnished grounds for an appeal to the court to exercise its discretion to the extent of permitting a renewal of the motion to vacate. It was, however, inadvertent to order the examination to proceed in the then state of the case, because, although the amended complaint had been served, it had not been answered, and there were consequently no issues to which an examination could be directed.

The order appealed from must therefore be reversed, in so far as it denies defendant's motion to vacate the order of September 13, 1910, and sets a date for the examination to proceed. In so far as it denies the motion to vacate the order for examination, it is affirmed, without costs to either party in this court. All concur.