(78 Misc. Rep. 32.)

### AMERICAN HOSIERY CO. v. HIMLER.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

MOTIONS (§ 42*)—RENEWAL BEFORE ANOTHER JUSTICE WITHOUT LEAVE.

Defendant being in default, an order was made April 8th appointing a referee to take proof as to whether defendant had been served or not on defendant's filing and serving within four days a bond to pay the judgment, costs, and disbursements, to pay for the reference in case it was proved that he had been served, and denying a motion to vacate the judgment of default in the event of defendant's failure to file and serve an undertaking as provided. On April 19th defendant filed a bond which did not conform to the previous order, whereupon supplementary proceedings were instituted, and, a motion to stay his examination having been denied, he moved before another justice to open the default and for leave to serve and file a new bond, which complied with the order of April 8th, which application was granted. *Held* that, where a motion has been denied, it cannot be renewed before another justice without leave of court, and hence the granting of the second motion to open the default was error.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 53, 54; Dec. Dig. § 42.*]

Appeal from City Court of New York, Special Term.

Action by the American Hosiery Company against Isidor Himler. From a City Court order opening an alleged default and permitting service of an undertaking to pay the judgment, and also to pay the expenses of a reference to determine whether defendant was or was not served with summons in the event that he was so served, plaintiff appeals. Reversed, and motion denied.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Walter L. Bunnell, of New York City, for appellant.
Benjamin A. Harstein, of New York City, for respondent.

GUY, J. On July 13, 1911, a summons was served in an action in the City Court against the defendant. On July 20, 1911, judgment was entered therein for $309.86. Execution was issued on the same day and returned wholly unsatisfied. On March 20, 1912, defendant moved to vacate the judgment because of alleged nonservice of summons. On March 26, 1912, an order was entered on consent vacating the judgment and allowing defendant to answer. On April 8, 1912, a further order was entered on said motion vacating said order of March 26th and restoring the judgment, appointing a referee to take proof and report as to whether defendant was served, upon the defendant's filing and serving within four days a bond to pay the judgment, also to pay the costs and disbursements of the reference if it was established that ·defendant was served with the summons, and denying the motion to vacate in the event of the defendant's failure to file and serve the undertaking as thereinbefore provided. On April 19, 1912, defendant filed a bond to pay the judgment in the event that the referee and the court both decided that the service should stand. This bond,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not being in conformity with the requirement that it should be to pay in the event of the service being held good, was abandoned. On May 9, 1912, an order for the defendant's examination in supplementary proceedings was issued and served. On May 15, 1912, defendant's motion to stay his examination in supplementary proceedings was denied. On May 16, 1912, defendant moved to open the default and for leave to serve and file a new bond, which complied with the order of April 8th. The motion was heard before another justice, who granted it on May 17, 1912, by the order appealed from. Having, after the motion had. been denied, given a bond which would be ineffectual unless both the referee and the court were adverse to him, the defendant waited nearly a month and then moved before another justice nominally to reopen a default which did not exist, but really to reverse and vacate the decision of April 8th that the bond to be given thereunder must be made and filed within four days or the motion would be denied.

The practice of renewing before one justice a motion which had been denied by another, without leave of the court, will not be tolerated. Garner v. Hellman, 47 Misc. Rep. 336, 337, 93 N. Y. Supp. 431. The adjudication in the order of April 8th that, unless . defendant filed a bond in a prescribed form within four days, the motion to vacate would ipso facto be denied, and, in the order of May 16th, that a stay of his examination in supplementary proceedings should be refused, cannot be evaded by first filing an irregular bond in defiance thereof, and, when that fails, making a motion in the guise of a motion to open a default, but really to vacate, reverse, and annul the prior order. Childs v. Childs, 144 App. Div. 168, 169, 128 N. Y. Supp. 782; Haskell v. Moran, 117 App. Div. 251, 252, 102 N. Y. Supp. 388; In re Cullinan, 109 App. Div. 816, 817, 96 N. Y. Supp. 751; Tracy v. Falvey, 102 App. Div. 585, 588, 92 N. Y. Supp. 625.

Order reversed, and motion denied, with $10 costs of motion and $10 costs and disbursements of the appeal. All concur.