(89 Misc. Rep. 289)

### ELIAS v. COLEMAN & KRAUSE.

(City Court of New York. February, 1915.)

MOTIONS ⬤⟝64—RELIEF FROM CONCESSIONS—ORDER GRANTING MOTION— MOTION TO VACATE—REMEDY BY APPEAL.

Where an order, granted on defendants' motion at a second trial to be relieved from concessions made for the purposes of the first trial, was not entered until long after the trial and determination of an appeal from a dismissal of the complaint, a motion to declare such order a nullity will be denied; such order being reviewable only by an appeal therefrom.

[Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 88, 90; Dec. Dig. ⬤⟝64.]

Action by Joseph Elias against Coleman & Krause. On motion to have declared a nullity an order entered and filed on a decision of a motion of defendants at the second trial to be relieved from concessions made for the purposes of the first trial. Motion denied.

Lawrence H. Sanders, of New York City (Arthur B. Hyman, of New York City, of counsel), for plaintiff.

Warren McConihe, of New York City, for defendant.

LA FETRA, J. This is a motion by plaintiff to have declared a nullity an order of January 25, 1915, entered and filed upon a decision of the motion of defendant at the second trial to relieve it from concessions made for the purposes of the first trial. The preliminary and material facts appeared in the opinion published in 88 Misc. Rep. 714, 152 N. Y. Supp. 451. Upon declining the designation referred to therein, a proposed order, with notice of settlement thereof, was shortly thereafter submitted under the decision at the second trial. All questions now involved were at issue on the settlement of said order, and have been adjudicated adversely to the plaintiff, and the order entered. The present application presents nothing new—neither upon the facts nor under controlling decisions of the court. That order is only reviewable by an appeal therefrom. Where a motion has been decided, it should not be reviewed before another justice in another guise, but in reality to vacate, reverse, and annul the prior decision. American Hosiery Co. v. Himler, 78 Misc. Rep. 32, 137 N. Y. Supp. 702.

The decision relieving the defendant was not brought up and could not have been reviewed by the Appellate Term under the notice of appeal from the judgments herein dismissing the complaint. The order upon the decision was not entered until long after the trials and appeals; to be exact, not until January 25, 1915. An appeal taken from a final judgment only brings up for review an intermediate order which is specified in the notice of appeal. Code Civ. Proc. §§ 1301, 1316.

In McIlvaine v. Steinson, 90 App. Div. 77, 85 N. Y. Supp. 889, the court refused to review an order denying a motion for a jury trial, as it was not specified in the notice of appeal from the judgment. The plaintiff should not claim the Appellate Term decided *the questions upon their merits,* raised by the motion at the second trial. If the court erroneously granted the motion upon insufficient evidence or otherwise, it was the duty of the aggrieved party to have entered an order and properly appealed therefrom. In the case at bar, after a lengthy second trial and almost at the close, the question presented itself. The court decided the concessions to have been qualified, and relieved the defendant therefrom. Had plaintiff believed he was seriously hampered and his proof limited by the decision, he should have addressed himself to the discretion of the court, and have asked to have a juror withdrawn, or otherwise made some proper motion to protect his client's interests. Whether the original concession were qualified or unqualified, the justice had jurisdiction to pass upon and to decide the question. Justice Bijur, in Goodman v. New York Railways Co., 88 Misc. Rep. 95, 100, 150 N. Y. Supp. 702, 705, writing for the Appellate Term, says:

"Respondent's counsel, on the previous trial, had conceded, upon certain terms, that if judgment were rendered in favor of plaintiff the award of damages might be $500, and plaintiff appellant insists that such concession was binding upon the trial now reviewed. I think the stipulation, by its very terms, shows plainly that it was limited to the trial at which it was given, and is therefore no longer binding; *but, even if that were not so, the court below at the present trial quite properly relieved the respondent from it.*"

Motion is accordingly denied, with costs to the defendant.
Motion denied, with costs to defendant.