MUGLER v. CASTLETON HOTEL & REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. June 17, 1915.)

1. MOTIONS ⬅43—COURTS OF DIFFERENT COUNTIES—REFERENCE.
    The Special Term of one county on the call for trial cannot refer the issues as involving a long account, where, on the same state of facts, such reference was refused by the Special Term of another county without leave to renew.
    [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. ⬅43.]

2. MOTIONS ⬅43—RENEWAL OF MOTION—LEAVE.
    An order reciting, on refusing a reference, "will leave the parties where they were, and they can thus try their case whenever the condition of the equity calendar in Richmond county permits," shows no reservation of a right to renew the motion for reference.
    [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 55, 56; Dec. Dig. ⬅43.]

3. REFERENCE ⬅8—LONG ACCOUNT—COMPLAINT.
    The complaint alone, and not matters raised in the answer, determines if the cause is referable as for a long account.
    [Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. ⬅8.]

4. REFERENCE ⬅8—"LONG ACCOUNT"—COMPLAINT.
    The usual complaint in a mechanic's lien suit by a building contractor against the owner, alleging a balance of the contract compensation and

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

a demand for extras, shows no "long account," under Code Civ. Proc. § 1013, for which a reference was proper, since liens on real property enforced in a court of record follow the code provisions for mortgage foreclosure (Lien Law [Consol. Laws, c. 33] § 43), while statutory liens on vessels may be tried without a jury or be referred (Lien Law, § 97); hence such issues are not referable, unless clearly involving a long account in a technical sense.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 13–23; Dec. Dig. ☞8.

For other definitions, see Words and Phrases, First and Second Series, Long Account.]

Appeal from Special Term, Richmond County.

Action by August Mugler against the Castleton Hotel & Realty Company and John J. Wood and others. From an order referring the issue, defendant Realty Company appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

Arthur B. Hyman, of New York City, for appellant.
Harry E. Herman, of New York City, for respondent.

PER CURIAM. [1] Plaintiff's practice was wrong in moving again at the Special Term in Kings county to refer the issues after the court had refused to grant a reference when the cause was called at the Special Term in Richmond county. Two motions for the same object cannot be made upon the same state of facts, where the first has been denied without leave to renew. Hall v. Emmons, 9 Abb. Prac. (N. S.) 370, 372; Childs v. Childs, No. 2, 144 App. Div. 168, 128 N. Y. Supp. 782. See Nichols' Practice, § 635.

[2, 3] The language that the court declined to refer "and will leave the parties where they were, and they can thus try their case whenever the condition of the equity calendar in Richmond county permits," showed no reservation of a right to renew this motion for a reference. On the merits, also, the order should not stand. The complaint alone, and not matters raised in an answer, determines if the cause is referable. Steck v. Colorado Fuel & Iron Co., 142 N. Y. 236, 37 N. E. 1, 25 L. R. A. 67.

[4] This complaint was the usual one by a building contractor against the owner in a mechanic's lien suit. It had two claims, for a balance of the contract compensation, and a further demand for extras. These are not a long account under Code of Civil Procedure, § 1013.

Liens on real property, enforced in a court of record, follow the Code provisions for mortgage foreclosure. Lien Law, § 43; Laws of 1909, c. 38. On the other hand, statutory liens on vessels may be tried by a justice without a jury, or "may be referred by such justice to a referee, to hear and determine." Lien Law, § 97.

The reason for this contrast is obvious. Liens by mechanics on buildings, being presumably to realize the means to pay wages, are designed to be speedy and inexpensive in enforcement, so as to reach a prompt determination of all claims filed against the property, with

the costs resting in the discretion of the court. Lien Law, § 53. Except by consent, such issues are not subject to the exceptional and costly mode of trial before a referee, unless clearly involving a long account between the parties, in the legal sense of that term. Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893.

The order of reference should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs—a disposition which leaves the cause still pending for trial and subject to be disposed of at the Richmond County Special Term.