# SARAH CLEMENTS BARRY

## *vs.*

## EMMA C. CARROLL et al.

### *Counsel Fee—Payment from Common Fund.*

When counsel employed by one of the parties in interest conducts a proceeding in the results of which others are interested as well, and they acquiesce by standing by and accepting the results, employing no counsel of their own, but apparently approving of all that is being done, the law may in such circumstances superinduce a contract upon the facts of the case, so as to justify the allowance of compensation to such counsel out of the common fund. p. 691

The court has no authority, in a partition suit for the sale of property, to allow either to the trustees or to counsel a fee for obtaining the best possible price, this being particularly the duty of the trustees, as trustees, and being an important part of the work for which they are allowed commissions. p. 692

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Prince George's County, In Equity (BEALL, J.).

Bill by Emma C. Carroll and Harry S. Carroll, her husband, against Sarah Clements Barry, widow of William D. Barry, deceased, and others, for a partition sale of certain property. From an order overruling exceptions filed by said Sarah Clements Barry to the auditor's report distributing the proceeds of sale, she appeals. Reversed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Frank M. Stephen,* with whom was *John W. Glennan* on
the brief, for the appellant.

*Joseph K. Roberts* and *Alan Bowie,* for the appellees.

ADKINS, J., delivered the opinion of the Court.

This appeal is from an order of court ratifying an audit
to which exceptions had been filed because of the allowance of
a counsel fee of one hundred dollars to solicitors for ap-
pellees. The propriety of the allowance of the fee is the sole
question in the case.

Appellees were plaintiffs in a partition suit for the sale
of a farm owned by them and others as tenants in common.
The other co-tenants, including appellant, were made de-
fendants. The bill of complaint alleged that the said real
estate was not susceptible of division between the parties in
interest, and contained the other usual allegations, and asked
for the appointment of trustees to sell. Appellant and one
other defendant answered by solicitors, admitting the facts
alleged and consenting to the passage of a decree as prayed.
A decree *pro confesso* was taken against the other defend-
ants, and in due course a final decree was passed appointing
Alan Bowie, one of the solicitors for plaintiffs, and Frank M.
Stephen, one of defendants' solicitors, trustees to make the
sale. The farm was offered at public sale and withdrawn
for want of bidders. Subsequently an offer of $2,500 was
made by Charles B. Duckett and accepted, and this sale was
reported by the trustees, who asked for the confirmation of
the sale. Exceptions, however, were filed by all the parties
in interest, except appellant, on the ground, among others, of
inadequacy of price. Mr. Roberts appeared as solicitor for
exceptants. The court allowed exceptants ten days to show
an offer substantially increasing the price. Thereafter one
of the defendants offered $2,800, and subsequently Charles
B. Duckett raised his bid to $3,000, which was accepted on
the recommendation of the trustees, in which all the parties

in interest united except appellant, and the sale was finally ratified.

It appears that Mr. Roberts, one of appellees' solicitors, was active in preventing the ratification of the sale first reported, and in securing the higher bids, and it also appears, from the argument of counsel and from the expressions of the court in the order ratifying the audit, that it was for such services mainly that the fee was asked and allowed. Indeed the learned judge who signed the order was careful to say: "But this order is not to be construed as establishing a precedent for the allowance of attorney's fees in cases somewhat similar to this."

The main objection urged in argument by counsel for appellant was that appellant was in no way responsible for the employment of appellees' solicitors, had no contract with them, and therefore ought not to be charged with any part of their fee; especially as she was represented by her own counsel, whom she would have to pay for their services.

The general rule, of course, is "that before a legal charge can be sustained there must be a contract of employment, either expressly made or superinduced by the law upon the facts of the case. *McGraw* v. *Canton,* 74 Md. 559"; and "unless such contract, express or implied, can be established the party who engages counsel must pay for his services." *Lyon* v. *Hires,* 91 Md. at page 418.

"When compensation is allowed out of a common fund for expenses incurred and services rendered on behalf of the common interest, it is upon the principle of representation or agency. * * * Such charges are allowed not simply and alone because services have been rendered which have been beneficial to the common interest, but upon the ground that they were rendered by the authority of those having the common interest exercised by the representative, the compensation for which was to be chargeable to the fund protected or recovered." *Miller's Equity,* sec. 564; *Balto. & O. R. R. Co.* v. *Brown,* 79 Md. at page 447.

There need not always be an express contract of employ-ment. When counsel employed by one of the parties in interest conducts a proceeding, in the results of which others are interested as well, and they acquiesce by standing by and accepting the results, employing no counsel of their own, but apparently approving of all that is being done, the law may in such circumstances "superinduce a contract upon the facts of the case."

This principle is illustrated by the case of *Davis* v. *Gem-mell,* 73 Md. 530.

We have been referred to but one case in this State where the question of allowance of counsel fees was raised in a par-tition proceeding, viz., *Senseney* v. *Repp,* 94 Md. 77. In that case the sale was of infants' property, and the only coun-sel engaged in that case was the one to whom the fee was allowed. The Court said in that case: "The services which the counsel rendered were services rendered the infants and if he cannot be compensated out of the funds belonging to them he would not be compensated at all. * * * Being in-fants they were unable to contract with him."

So much depends upon the circumstances of each case as to the propriety of the allowance of a fee to the solicitor con-ducting the proceedings in suits of this character, and the practice in the several circuits appears to be so varied in the exercise of such discretion as the courts have in the matter of allowing counsel fees, that we should not feel justified, on the record, in reversing the order appealed from if a reasonable fee had been allowed for conducting the proceedings, although there is much force in the argu-ment of counsel for appellant that a defendant who has to employ and pay her own counsel should not be obliged to contribute to the fee of plaintiffs' solicitor. This, however, appears to have been an amicable proceeding to sell the prop-erty for the purpose of division of the proceeds, and it is not apparent that any service was required of appellant's solicitors other than the perfunctory duty of filing a formal answer,

admitting the facts alleged in the bill and consenting to the decree as prayed.

But aside from any other objection, the fee was allowed plaintiffs' solicitors on a wholly untenable theory, as appears from the order itself. Whatever may be said about the propriety of allowing plaintiffs' counsel a fee in the circumstances of this case for conducting the proceedings to a decree; the court had no authority to allow a fee either to the trustees or counsel for obtaining the best possible price for the property sold. That was peculiarly the duty of the trustees, *as trustees,* and was an important part of the work for which they were allowed commissions.

Inasmuch as the order shows that the *amount* of the fee, at least, was determined by the consideration above mentioned, the order must be reversed. In view of all the circumstances, however, we shall direct the costs of the appeal to be paid out of the proceeds of sale.

> *Order reversed and cause remanded, costs of this appeal to be paid out of the proceeds of sale.*