THOMAS H. DAUCH, Respondent, v. GREAT NECK HOLDING CORPORATION, Appellant, Impleaded with GREGORY COAL AND LUMBER COMPANY, Respondent. (Appeals Nos. 1, 2 and 3.) — (Appeal No. 3.) Order denying appellant's motion that it be relieved of the unauthorized consent given to the order of reference by the person answering the call of the calendar, reversed upon the law and the facts, with ten dollars costs and disbursements to appellant. Motion granted, without costs, and

the order of reference is resettled in accordance with this decision. (Appeal No. 2.) Order denying motion to vacate the order of reference reversed upon the law and the facts, without costs, and motion granted, without costs. As presented to the learned Special Term justice, the order recited that it was made upon consent. While the facts showing that the consent was unauthorized were stated in the papers before him, he preferred to have the order resettled before the justice who made it before interfering with it. This was probably the orderly procedure. This court having relieved the defendant from such unauthorized consent, and having resettled the order accordingly the record presents an ordinary mechanic's lien action without any allegation of reason for compulsory reference. An order of reference in such case was unauthorized over the objection of the defendant property owner. (*Mugler* v. *Castleton H. & R. Co.*, 168 App. Div. 492, and cases cited.) While the sole objection to a reference in this class of litigation is the item of the expense of reference, it would seem that this might be obviated by reference to one of the official referees. (Appeal No. 1.) Order denying appellant's motion to restore case to the calendar for trial reversed upon the law and the facts, without costs, and motion granted, without costs. Kelly, P. J., Jaycox, Manning, Kelby and Kapper, JJ. concur. Settle order on notice.