CHARLES S. HAYDEN, Executor, et al. *v.* ROBERT L. STEVENS et al.

[No. 44, October Term, 1940.]

*Decided December 17th, 1940.*

The cause was argued before BOND, C, J., PARKE, SLOAN JOHNSON, and DELAPLAINE, JJ.

*Hyman Ginsberg*, with whom were *Ginsberg & Ginsberg* on the brief, for the appellants.

*Preston A. Pairo*, with whom was *J. Calvin Carney*, on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

An executor and his attorney appeal in this proceeding from an order of the Orphans' Court denying a petition for compensation of the attorney to be paid out of the assets of the estate.

Mr. Hayden, executor of the estate of Robert L. Stevens, deceased, had an assignment from Stevens of "twenty per cent of each and all my (Stevens') benefits under and arising out of purchase agreement between Robert L. Stevens and Robert Stevens Einstein dated October 15th, 1934, and Escrow Agreement between Robert L. Stevens, Robert Stevens Einstein and First National Bank" attached. Einstein was purchasing sixty-one and a half shares of stock of C. E. Stevens Brothers Company which the testator owned. The agreement of purchase provided for payments in instalments and was to become null and void upon default in the payments. Mr. Hayden had been a friend and adviser of Stevens, and the assignment of "benefits" of the selling agreement was intended to compensate him for legal services. During the life of Stevens he received his share of amounts paid by Einstein. But after Stevens' death a default in payments occurred and the stock was returned to the executor, Mr. Hayden, in accordance with the contract.

Mr. Hayden, claiming that the assignment of "benefits under and arising out of the purchase agreement" secured him personally twenty per cent of the stock so returned, did not, as executor, include that portion in the inventory of assets, and certain next of kin, contending that the benefits under the agreement terminated with the default in it, filed a bill of complaint in equity seeking a declaratory decree to determine the rights of the parties. Mr. Hayden obtained an order of the Orphans' Court authorizing him to employ counsel to present his defense, and the counsel employed demurred to the bill, denying the construction favorable to the estate, and asserting that which would secure the disputed stock to Mr. Hayden personally. On the demurrer the bill was dismissed because the proper jurisdiction for the controversy was in the Orphans' Court, under sections 253 and 254 of article 93 of the Code.

The complainants accordingly filed their petition in the Orphans' Court; Mr. Hayden, by his counsel answered,

setting out at length facts and contentions in his favor and against the contentions of the next of kin. The Orphans' Court found for the petitioners, but on appeal, the Superior Court of Baltimore City differed, and found Mr. Hayden entitled. The petition for payment of the counsel fee followed, and was denied. The question, as argued, is whether the estate is properly chargeable on the theory that the settlement of Mr. Hayden's right was a necessary step in the administration, and the legal services were rendered to him in his representative capacity, or whether the expense must be considered as Mr. Hayden's own, incurred in support of a claim adverse to the estate. This court is of the opinion that inclusion in the account as a charge against the estate was properly refused.

The court is referred to the Act of 1939, chapter 511, amending section 5 of article 93 of the Code, which, enlarging the authority of the Orphans' Court, provided that the costs of administration which the court might think proper to allow should "include reasonable fees for legal services rendered upon any matter in connection with the administration or distribution of the estate in respect to which the Court may believe legal services proper." Whether the provision is intended to authorize charging the estate in any case with compensation for legal services against the estate need not be decided now. It does not compel it in all cases. The claim pressed by counsel was not for and on behalf of the estate; it was Mr. Hayden's own personal claim, adverse to the estate, as any other claim litigated under sections 253 and 254 of article 93 would be. When an executor makes a claim for himself to money or property standing in the name of the decedent, he puts himself in two distinct positions, one that of the representative of the estate, the other that of an opponent. However fair he may be, he is not acting at all in his representative character when he presses a claim of his own to the debt or property. The distinction is drawn sharply in some other jurisdictions, but is the same in all. In a number of them there are

statutory requirements that the claim of an executor or administrator be approved by a coexecutor or administrator, the courts having power to appoint one for the conduct of the defense of the estate, or that it be submitted to arbitrators. In other jurisdictions, it appears, the executor or administrator may be required to resign to press a claim of his own. *Bell v. Funk,* 75 Md. 368, 371, 23 A. 958; 2 *Woerner, Amer. Law of Administration,* (3rd Ed.) pp. 1280-1284. The statutes of Maryland contain only the requirement of a special oath from the claimant, Code, art. 93, secs. 100 and 101, but the distinction must exist. It is true that settlement of the executor's claim here was necessary to determine what were the assets to be administered, but that is true also of settlement of every other claim that might be made against an estate, and it would not be contended that counsel fees should be paid out of the estate for the attorney of every claimant. *Bell v. Funk,* 75 Md. 368, 371, 23 A. 958. The counsel fee in this instance should be paid by Mr. Hayden himself rather than deducted from the assets remaining to be distributed to the next of kin, or legatees.

In *Billingslea v. Henry,* 20 Md. 282, 287, an executor included in his second account an allowance for compensation of his counsel for services in resisting an attack upon the executor's own claim for board of his testatrix in her lifetime, for which he had made himself an allowance in a first account, and this court held that "the expenses of such a litigation ought not to be charged upon the estate." And see *McGraw v. McGraw,* 74 Md. 554, 22 A. 132; *Re Quinn Estate,* 137 Md. 155, 111 A. 771; *Baltimore v. Link,* 174 Md. 111, 197 A. 801.

*Order affirmed, costs to be paid by the appellants personally.*