RAYMOND A. COAKLEY, as Committee of the Person and Estate of Grace E. Coakley, an Incompetent Person, Appellant, v. MARGARET M. CLOSE et al., Respondents.—

No opinion. Nolan, P. J., Carswell, Wenzel, MacCrate and Schmidt, JJ., concur.

F. G. DAVIDSON, Respondent, v. SAIA STERNGASS, Appellant, and FRANK PERSICHETTI et al., Respondents.—

In our opinion the pleadings and affidavits submitted were insufficient to establish that the trial of this action will require the examination of a long account, within the meaning of the statute. (Cf. *Cassidy* v. *McFarland*, 139 N. Y. 201; *Hemmerich* v. *City of Geneva*, 251 App. Div. 105; *Dauch* v. *Great Neck Holding Corp.*, 213 App. Div. 881; *Mugler* v. *Castleton Hotel & Realty Co.*, 168 App. Div. 492.) A compulsory reference will not be ordered upon a showing of a mere possibility that a long account will be involved and that the several items thereof will become centers of independent controversy. There must be a probability, when the courses and tendencies of the trial are charted in advance, that such will be the development. (*Brooklyn Public Library* v. *City of New York*, 240 N. Y. 465.) Although this court has heretofore held that orders of reference are not appealable, we have re-examined the question and have determined that appeals from such orders should be entertained, if they refer the entire issue, or any of the issues, to a referee for a final determination. *Drivas* v. *Lekas* (265 App. Div. 818) and *Matter of Lennox* v. *Brady* (279 App. Div. 663), insofar as they announce a contrary rule, are overruled. Nolan, P. J., Carswell, Johnston, Adel and Wenzel, JJ., concur.