NETHKEN *v.* LUSBY ET AL.

[No. 443, September Term, 1970.]

*Decided June 25, 1971.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, SINGLEY and SMITH, JJ.

*Wilbur D. Preston, Jr.*, with whom were *Luther B. Ditch, Ascanio S. Boccuti* and *Whiteford, Taylor, Preston, Trimble & Johnston* on the brief, for appellant.

*John F. Somerville, Jr.*, for appellees.

MCWILLIAMS, J., delivered the opinion of the Court.

This dispute, an extension of the "seemingly senseless quarrel" described in *Lusby v. Nethken,* 256 Md. 469 (1970), concerns a counsel fee. Since we think that the trial judge, Naughton, J., has related the relevant facts, that he has stated the applicable principles of law, and that he has reached the correct legal result, we consider it appropriate to adopt his opinion as the opinion of this Court in this case. Judge Naughton's opinion follows:

"Louise Nethken Lusby and George M. Nethken filed a bill of complaint against their brother, W. Robert Nethken, alleging that the said respondent on numerous occasions between the years of 1960 and 1966, 'fraudulently coerced and unduly influenced' his mother, Caroline Pritts Nethken, 'so as to induce her to arrange her affairs so as to inure to the benefit' of the respondent and 'to the disadvantage of the' complainants.

"One of the many occasions alleged in the bill of complaint concerned a power of attorney obtained by the respondent from his mother which he exercised in selling certain stock certificates for the sum of $58,000, the proceeds of which were placed in five separate joint savings accounts on or about April 29, 1966, with the Loyola Federal Savings & Loan Association to the benefit of Caroline Pritts Nethken and one of each of her five grandchildren. The grandchildren are Caroline Reese Lusby and Thomas F. Lusby III, a minor, children of Louise Nethken Lusby, one of the complainants; Gretchen L. Nethken, child of the other complainant, George M. Nethken; Eleanor Louise Nethken, a minor, and Ann Reese Nethken, children of the defendant, W. Robert Nethken and his wife Philomena Nethken. Caroline Pritts Nethken died on October 2, 1966, and left surviving the above mentioned grandchildren.

"The bill of complaint was amended to include the five grandchildren as parties defendant. The petitioners entered their appearance for the two children of W. Robert Nethken. It is conceded that the three remaining grandchildren were not represented by counsel although the record indicates otherwise.

"After a lengthy hearing the bill of complaint was dismissed. Upon appeal to the Maryland

Court of Appeals, the decision of the lower court was affirmed. The Court on appeal referred to this case as a 'seemingly senseless quarrel.' *Lusby v. Nethken,* 256 Md. 469.

"This court has now been requested to rule on a motion filed by defense counsel praying for the passage of an order authorizing said counsel to be paid a fee of fifteen thousand dollars ($15,000), the same to be three thousand dollars ($3,000) apiece out of each of the five savings accounts at Loyola Federal Savings and Loan Association for services rendered by them on behalf of the said five grandchildren.

"The two children of W. Robert Nethken are agreeable to the payment of the requested portion of the counsel fee out of their accounts. (Supplemental memorandum in support of petitions for counsel fees, p. 4.) The three remaining grandchildren, either individually or through their parents, object to the payment of any fee to the petitioners. Since the petitioners have resolved the question of fee as to their clients, W. Robert Nethken and his children, Eleanor Louise and Ann Reese, whom they represented, the question for the court to decide is whether Caroline Louise Lusby, Thomas F. Lusby III, and Gretchen L. Nethken are obligated for the payment of counsel fees to the petitioners.

"The law appears to be well settled in Maryland that 'generally, before a legal charge for services can be sustained there must be a contract of employment, either expressly made or superinduced by the law upon the facts of the case.' *McGraw v. Canton,* 74 Md. 554; cited approvingly in *Lyon v. Hires,* 91 Md. 411, and *Barry v. Carroll,* 143 Md. 688.

"However, there exists an equitable rule

which is an exception to the general rule.[1] This equitable rule is well stated in *Hobbs v. McLean,* 117 U. S. 567, 582.

'When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all and at his own cost and expense, brings a suit for its preservation or administration, the Court of Equity in which the suit is brought will order that the Plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts.' [2]

"The Court of Appeals of Maryland has recognized this rule in *Barry v. Carroll,* 143 Md. 688.

"In all of the cases which the petitioners have cited in their argument, the courts have apparently held that before the equitable rule will apply there must exist a benefit, a common fund, and an acquiescence by 'standing by and accepting results, employing no counsel of their own, but apparently approving all that was being done.' *Hobbs v. McLean* 117 U. S. 567; *Baltimore and Ohio Railroad v. Brown,* 79 Md. 442; *Barry v. Carroll,* 143 Md. 688.

"There can be no doubt but that the three grandchildren did receive a benefit from the services of the petitioners, to wit, the successful protection of their savings accounts. However, this benefit was incidental resulting from

---

1. Calling this an "exception" may be putting it a little too high. We see nothing in *Hobbs* which is incompatible with the general rule requiring a contract, whether express, implied or "superinduced." *See* Barry v. Carroll, 143 Md. 688, 691 (1923). But whether we lean to the rule or to the "exception" the result will be the same.

2. *See also* Trustees v. Greenough, 105 U. S. 527 (1881); Fiske v. Wallace, 117 F. 2d 149 (8th Cir. 1941); Anno. 78 A.L.R.2d 318 (1961); 7 C.J.S., Attorney and Client § 193 (2) (1937); 7 Am.Jur.2d, Attorneys at Law § 205 (1963).

the services of the petitioners to their clients, and in particular to W. Robert Nethken.

"One of the elements that this court cannot find in this case which is necessary for the approval of the petition filed herein is that of a 'common fund.' We are here dealing with five separate and distinct savings accounts. None of these funds have been increased nor has there been any gain accruing to the grandchildren as a result of the services of the petitioners. While the savings accounts had a common source, they are not a common fund. They are separate and distinct from each other.

"In order for the petitioners to recover a fee from the grandchildren, there must also be an acquiescence by the grandchildren by accepting the results and apparently approving of all that was done. This would raise an implied promise to pay for the petitioners' services. 'Circumstances giving one no choice but to accept the benefits of the attorney's services are not sufficient.' 5 Am. Jur. p. 352. In this case the grandchildren had no choice.

"For the reasons stated, the petition for counsel fees will be denied."

*Order affirmed.*
*Costs to be paid by the appellant.*