CHARLES C. BROWNE *vs.* JOHN F. PRESTON and R. H. GOLDSBOROUGH.

*Jurisdiction of the Orphans' Court—Construction of Code of Public General Laws, Art. 7, sec. 7, and Art. 93, sec. 5.*

M. E. B., deceased, left a will devising her estate to L. One of her heirs, B., instituted proceedings to procure his appointment as administrator, and filed a caveat to the will. He entered into an agreement with P. & G., attorneys at law, that they should prosecute to determination the suit or suits to recover the estate of M. E. B. for her next of kin. By the agreement P. & G. were to receive for their services such remuneration as the Orphans' Court of Baltimore City should allow: B. was not to dispute the award of said Court; and, in case he was appointed administrator, he agreed to pay the fee allowed. B. was appointed administrator; and while P. & G. were prosecuting the caveat, he compromised with the caveatees. Thereupon, P. & G. petitioned the Orphans' Court to make an allowance for their services as provided in the agreement. HELD:

1st. That the Orphans' Court had no jurisdiction over the case presented by the petition.

2nd. That the claim of P. & G. for contingent fees under the agreement was not within Art. 93, sec. 5, of the Code, which provides that administrators are entitled to an allowance for costs and extraordinary expenses (not personal) which the Court may think proper to allow, laid out in the recovery or security of any part of the estate.

Art. 7, sec. 7, of the Code of Public General Laws, conferring on Orphans' Courts the power, with the consent of the parties, to arbitrate between a claimant and an administrator, refers only to claims against the estate of the decedent, which are asserted against the administrator in his fiduciary character, and does not apply to such as are contracted by him in his individual character, and which are only binding on him personally.

APPEAL from the Orphans' Court of Baltimore City.

The facts are stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, GRASON and MILLÈR, J.

*Thomas H. Bevan* and *William S. Waters*, for the appellants.

The Orphans' Court of Baltimore City has no jurisdiction of this case.

1st. The Orphans' Court has limited powers. None are implied. They are such as are expressly granted. Their jurisdiction must appear affirmatively. To raise a question of jurisdiction before them no plea is required. *Lowe vs. Lowe,* 6 *Md.,* 347.

2nd. No jurisdiction arises in this case under Article 7, section 7, of the Code. The right to arbitrate grows out of the agreement of the parties to be entered upon the proceedings of the Court.

The parties to the agreement were not such as could submit a question to arbitration in the Orphans' Court, under Art. 7, sec. 7, of the Code. The appellant was not then administrator, and held no fiduciary relation to his sister's estate.·

The subject-matter of the agreement is not such as could be subjected to arbitration under the Code. If the appellant had been administrator, and as such was contesting the will of his sister, and employed the appellees, this agreement could not bind the assets of his sister. No one but the deceased could make an agreement to bind the assets. It would be a personal debt of the appellant only, and the Orphans' Court might allow it, if paid by him by virtue of Article 9, section 35, of the Code. *Austin vs. Munro,* 47 *N. Y.,* 361; *Ferrin vs. Myrick,* 41 *N. Y.,* 315; *Reynolds vs. Reynolds,* 3 *Wend.,* 244; *Demott vs. Field,* 7 *Cow.,* 58; *Compton vs. Barnes,* 4 *Gill,* 56; *Townshend vs. Brooke,* 9 *Gill,* 91.

The claim of the appellees is not such a one as can be allowed by the Orphans' Court against the appellant, or against him as administrator *c. t. a.* of his sister. The Court cannot allow a claim for attorney's fees for objecting to a will against the administrator *c. t. a.*, whose duty it is to sustain and execute the will. *Code, Art.* 93, *secs.* 34, 68, 69, 318; *Hanna vs. Placide,* 3 *Md.,* 230; *Georgetown College vs. Browne,* 34 *Md.,* 230; *Compton vs. Barnes,* 4 *Gill,* 56; *Townshend vs. Brooke,* 9 *Gill,* 91; *Cain vs. Warford,* 3 *Md.,* 454; *Winchester vs. Union Bk.,* 2 *Gill & John.,* 79; *Hunter vs. Bryson,* 5 *Gill & John.,* 483; *Stevenson vs. Schriver,* 9 *Gill & John.,* 324; 1 *Wms. on Exrs.,* 412; 2 *Bl. Comm.,* 507; *Bowling vs. Lamar's Admr.,* 1 *Gill,* 358; *Offut & Clagett vs. Gott,* 12 *G. & J.,* 385.

3rd. If it were possible that the parties could by their contract give the Orphans' Court jurisdiction, then, by the terms of the contract itself, no contingency has arisen, which by any construction would give the Orphans' Court the power to determine what amount of fees was due under the contract.

If the Orphans' Court has no jurisdiction of the case, the order will be reversed and the petition dismissed. *Stockton vs. Frey,* 4 *Gill,* 406; *Geiger vs. Green,* 4 *Gill,* 473; *Hall vs. State,* 12 *G. & J.,* 329; *Bruce & Fisher vs. Cook,* 6 *G. & J.,* 345.

If the Court has jurisdiction, the issues ought to be awarded. There is no exception to the right in plenary proceedings. If we could imagine that the power and duties of the Orphans' Court could be created, taken away or modified by agreement, then by the terms of the agreement referring the matter to the Orphans' Court, it must be understoood that it is the Court as constituted by law, with the duty to send issues to a Court of Law in a plenary proceeding which is meant. *Howard's Case,* 1 *Bland,* 366.

*John Stewart* and *S. Teackle Wallis,* for the appellees.

The Orphans' Court had jurisdiction by virtue of the .6th and 7th sections of Article 7 of the Code of Public General Laws.

By the agreement filed in this cause, the question of fees was one for the Orphans' Court and for the Orphans' Court alone to determine, and the Orphans' Court would have had no right to order issues to be framed to be heard by another tribunal.

The application in this case is practically against the estate of Mary E. Browne for professional services rendered to the defendant, who is the administrator and sole distributor of said estate, and who agreed that in case of his acquiring the rights therein, which he now has, the fees of the petitioners should be paid out of the same as the Orphans' Court should direct, and without appeal. The proceeding is therefore in a matter within the Court's ordinary jurisdiction and submitted to the absolute determination of the Court without other recourse, so that the granting of issues would have been in ·violation ·of the agreement and a submission of the question to a tribunal other than that selected by the parties.

The counsel for·the appellees commented on *Hanna vs. Munn & Placide,* 3 *Md.,* 233.

BARTOL, C. J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City, refusing ·to send certain issues of fact to a Court of Law for trial. In order to understand the nature of the case and the questions involved, it seems to be necessary to preface what we have to say with a brief statement of facts.

Mrs. Mary E Browne, .deceased, left a will devising her estate to the Rev. Thomas Lilly, and appointing him her sole executor ; he died before the testatrix, leaving a will by which he devised all his property and estate to

the President and Directors of Georgetown College, a corporation in the District of Columbia, and appointed them his executors; after his death his heirs at law and legal representatives conveyed to the College all their title and interest in his estate.

After the death of Mrs. Browne a contest arose in the Orphans' Court with respect to the right of administration on her estate; which was decided in this Court in *Pres. &c. of G. Town College, et al. vs. Browne,* 34 *Md.,* 450. The appellant C. C. Browne was her brother, and one of her heirs at law, and filed a *caveat* to her will, alleging for the reasons therein stated, that it was invalid and ought not to be admitted to probate. To maintain the caveat the appellant employed the appellees as his attorneys, and entered into an agreement with them with respect to the compensation they should receive for their services, which has given rise to the present controversy. The agreement is as follows:

"It is hereby agreed this 23rd day of February, 1871, between Charles C. Browne, of the first part, and John F. Preston and R. H. Goldsborough of the second part, that the said Preston and Goldsborough will further prosecute the suit or suits of Charles C. Browne *vs.* the President and Directors of Georgetown College, both at law and in equity, (the purpose of said suit being the recovering for the next of kin, the estate of the late Mary E. Browne, deceased,) to its or their final determination, without charge to the said Charles C. Browne, individually; unless the said estate is recovered, and if said estate or any part of said estate should be recovered, then the said Browne is to pay his proportion as heir of said estate, of such fee as the Orphans' Court of Baltimore City shall allow. And it is hereby further agreed by the said parties of the first and second part, that the said Preston and Goldsborough shall receive for their professional services in said suit or suits, such remuneration

from the estate of the said Mary E. Browne, as the said Court shall allow. And the said Charles .C. Browne hereby agrees on his part, that he will not dispute the award of said Orphans' Court, and in the event of his being appointed administrator of said estate, that he will pay unto said Preston and Goldsborough, without delay, such sum for their said services as the Orphans' Court shall allow as aforesaid.

"(Signed)          R. H. GOLDSBOROUGH,
          "JOHN F. PRESTON,
                    "*Attorneys.*"

Appended to the above is an agreement of Goldsborough with respect to his individual indebtedness to the appellant, not material to this case.

It appears that after the filing of the caveat to the will, issues thereon were sent by the Orphans' Court to a Court of Law for trial; and the appellees, acting as attorneys under the foregoing agreement, engaged in the trial on behalf of the caveator, but unsuccessfully ; a verdict being rendered sustaining the will. The appellees reserved exceptions to the ruling of the Court at the trial; and took an appeal thereon to this Court. While the appeal was pending, a compromise was effected between the parties whereby the appeal was dismissed, the caveat abandoned; and for the sum of $15,000.00 the whole estate of Mrs. Browne devised by her will, was conveyed to the appellant. He had before that time been appointed administrator with the will annexed, in accordance with the decision of this Court in 34 *Md.*, 450, (before referred to.)

The appellees not having received compensation for their professional services, rendered under the agreement; filed their petition in the Orphans' Court, against the appellant as administrator, *c. t. a.* of Mary E. Browne, praying the Court "to pass an order allowing them for

their said services such fee as the Court may deem proper and right." To this petition the appellant answered, denying that anything was due the appellees under the agreement, and alleging that the Orphans' Court has no jurisdiction in the premises.

The Court proceeded to hear the case and after considerable testimony had been taken, the appellant filed a petition praying that issues might be made up and sent to a Court of law for trial; this application was resisted by the appellees, and the Court passed an order refusing the same; from this order the present appeal was taken.

The case has been very fully and ably argued, and several interesting questions discussed; but we are all of opinion that the case is not one, which the Orphans' Court has the power to hear and determine, we shall confine our decision to the single question of jurisdiction.

It is contended on the part of the appellees that the jurisdiction is conferred on the Orphans' Court by Art. 7, sec. 7, of the Code, which is in these words:

"The several Orphans' Courts of this State shall have power, with the consent of both parties, to be entered on their proceedings, to arbitrate between a claimant and an executor or administrator, or between an executor and a person against whom he has a claim, or the dispute may by the parties be referred to any person or persons approved by the Orphans' Court."

It is very clear to us that this section refers only to claims against the estate of a decedent, which are asserted against the executor or administrator, in his fiduciary character, and does not apply to such as are contracted by the executor or administrator in his individual character, and which are only binding on him personally.

The section is codified from the Act of 1798, ch. 101, s. c. 8 and 12, constitutes a part of our testamentary system, and is found in the original Act in connection with rules respecting accounts of executors and administrators,

and the provisions regulating the powers of the Orphans' Court in the administration of estates.

The claim of the appellees arising under their agreement with the appellant, set out in their petition is not one which existed against the testatrix in her life-time, nor is it in any sense a claim against her estate, or against the appellant as administrator, *c. t. a.*

At the time it was entered into, the appellant was not administrator, it was made by him in his individual capacity, as heir-at-law, and next of kin of the deceased; with respect to a matter in which he was personally concerned; for the promotion of his own interests and not for the benefit of the estate; it is therefore not such a claim as is contemplated by this section of the Code, which the Orphans' Court has power to pass upon, or which may be submitted to their arbitrament; but being a claim against the appellant personally, must be asserted in another form. Even if the agreement had been made by the appellant after he became administrator, he could not have bound the estate; and the Orphans' Court would have no power to allow out of the assets, any claim due the appellees under the agreement; for the reason before stated, that it creates only a personal liability, of the appellant, and would not be such an allowance as is authorized by Art 93, sec. 5, of the Code. Under that section the executor or administrator is entitled to an "*allowance for costs, and extraordinary expenses, (not personal,) which the Court may think proper to allow, laid out in the recovery or security of any part of the estate.*"

*       *       *       *       *       *       *       *

It is obvious that the claim of the appellees for contingent fees, under the agreement before us, is not within the section last quoted.

The Orphans' Court is a tribunal of limited jurisdiction having no general or implied powers, but restricted by the law, to the exercise of powers expressly delegated.

Browne *vs.* Preston & Goldsborough.

We find no provision of law, conferring upon them the jurisdiction claimed by the appellees.

This proceeding cannot, of course, be maintained upon the theory that this is an agreement of reference to the arbitration of the Orphans' Court, not in the exercise of its ordinary jurisdiction as a Court, under the Code; but as arbitrators selected by the parties. The agreement will not bear that construction, but if it could be so construed; then it was in the power of either party to revoke the submission, and the powers of the arbitrators are at an end.

It follows from what we have said that the application of the appellant to have issues framed was properly refused; the order appealed from will therefore be affirmed; but being of opinion that the Court is without jurisdiction in the case, it will be remanded to the end that the petition of the appellees may be dismissed; but without prejudice to the assertion of their claim by proceeding in a proper forum.

*Order affirmed, and*
*cause remanded.*

(Decided 2nd July, 1873.)