# NANNIE CLAYTON

*vs.*

# CHARLES F. STEIN AND RICHARD E. PREECE.

*Counsel Fees—Payment from Estate—Construction of Will.*

When the judicial construction of a will is reasonably necessary, the estate is properly chargeable with the payment of a fee to the counsel by whom the proceeding is instituted, particularly where such action is taken by executors or other fiduciaries desiring and needing direction as to the performance of testamentary duties. p. 686

Whether and to what extent an estate should be charged with counsel fees, for services rendered in litigation involving the construction of a will, must depend on the circumstances of the particular case, such as the necessity for the proceeding, the amount involved, and the legal capacity of the parties to employ counsel for themselves. p. 687

Counsel for the unsuccessful parties to a proceeding involving the construction of a will, who took an appeal from the decree, which was affirmed, *held* not entitled to payment of their fees from the fund in controversy, except as regards services rendered by them in the lower court to one of such parties who was, as being an infant, incapable of employing counsel. p. 689

*Decided January 16th, 1920.*

Appeal from the Circuit Court of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and ADKINS, JJ.

*John Watson, Jr.,* for the appellant.

*Richard S. Culbreth,* for the appellee.

URNER, J., delivered the opinion of the Court.

In the case of *Smith* v. *Baltimore Trust Co.,* 133 Md. 404, this Court affirmed a decree construing the will of James E. Clayton and holding that as to the one-sixth of his estate involved in the proceedings he died intestate. As a result of the intestacy thus adjudicated the affected portion of the testator's estate was decreed to be vested in his sister, Nannie Clayton, as his only heir at law. According to the theory of construction which failed of acceptance the estate in question would have passed to the children of two deceased aunts of the testator. The petition for the construction of the will was filed by the trustees to whom the estate had been devised under limitations which had terminated at the time of the institution of the proceedings. Of the parties whose interests were adverse to the theory of intestacy, one adult defendant by his answer merely stated his desire for such a decree as the Court might deem proper, and the guardian *ad litem* of the only infant defendant submitted her rights to the Court's protection, while all the other parties having the interest just referred to asserted it in their answers. Only one of the defendants, however, appealed from the decree. After it had been affirmed the appellant's solicitors applied for and obtained an order of the Court below directing the auditor to allow them out of the fund for distribution a fee of $500 for their services in that Court and on appeal, subject to the usual right of exception. To this allowance, as made in the audit, exceptions were filed by the testator's sister, to whom the fund had been decreed to be payable. The pending appeal is from an order overruling these exceptions and ratifying the audit.

The record includes a stipulation that the services rendered by the present appellee's solicitors in the proceeding for the

construction of the will required much time and effort, that the amount involved is about $10,000, that $500 is a moderate charge for such services, that these solicitors were not employed by the trustees or the party decreed to be entitled to the fund, and that they have received no fee from the parties they represented. It thus appears that no question is raised as to the amount of fee allowed the appellee's solicitors, and that the only inquiry is whether it is properly chargeable against the fund decreed to be distributable to the present appellant.

Upon the principle of the decisions in *B. & O. R. R. Co.* v. *Brown,* 79 Md. 442; *McGraw* v. *Canton,* 74 Md. 554, and other cases of that class, it is contended that the fee under consideration ought not to be allowed out of the fund awaiting distribution, because the solicitors for whom it is claimed were not employed by the custodians of the fund or the party adjudged to be entitled to receive it, to whose interest the services of the appellee solicitors were not beneficial but antagonistic. If this case were analogous in its origin and purpose to the cases just cited, it would, of course, be subjected to the rule there applied. But the litigation is not susceptible of being thus classified. It is different from the ordinary proceeding for the recovery or protection of funds against which fees may be sought to be charged. The occasion for this proceeding is the failure of a testator to express with sufficient clearness his intention as to the disposition of his estate. It is because of the doubtful meaning of the terms which he has employed that the parties are required to come into Court for the interpretation of the will in reference to which their interests in the estate are to be ascertained. In view of the special nature of the difficulty which occasions such a proceeding, it is well settled that the estate is properly chargeable with the costs when a judicial construction of a will is reasonably necessary (*Buchanan* v. *Lloyd,* 64 Md. 313), and there can be no doubt that in such a case similar provision may be made for the payment of a

fee to the counsel by whom the proceeding was instituted, especially where such action is taken by executors or other fiduciaries desiring and needing direction by the Court as to the performance of testamentary duties. There are cases in which such allowances have been made also to counsel for defendants. In other cases fees have been allowed out of the estate only to counsel for executors or trustees by whom the proceeding was originated. Numerous decisions dealing with such questions are cited in 40 *Cyc.* 1868. In *Hamilton* v. *Trundle,* 100 Md. 276, it was held that a court of equity in this State was without statutory or other authority to direct the payment of counsel fees *as part of the costs* in a case of this nature, but no opinion was expressed on the question whether a fee for counsel in the situation of the appellees in this case could be properly charged against the fund in litigation, because it appeared that the fund was being administered in the Orphans' Court and was not subject to the jurisdiction of the equity court in which the will was construed and the application for the fee was presented. But in the case of *Walker* v. *Waters,* 118 Md. 209, by a modification of the original decree on appeal, the lower Court was authorized to allow a reasonable fee to counsel for certain infant defendants in the suit, which had been brought for the construction of a will by an administratrix. *c. t. a.,* and in which the position of those defendants was antagonistic to the interests of the residuary legatees, who were adjudged to be entitled to the fund in dispute.

In disposing of the question before us in this case, we see no reason to formulate a rule of unvarying application. Whether and to what extent an estate should be charged with counsel fees for services rendered in litigation of this general character, must depend upon the circumstances of the particular case. The necessity for such a proceeding, the difficulty of the issue, the amount involved, the legal capacity of the parties to employ counsel for themselves, and various other factors, will affect the disposition of claims like the one

to which our attention is now directed.  It would not be right to lay down a rigid rule that in no case ought such a fee to be allowed, nor, on the other hand, would it be just to hold that a fee for defendants' counsel should be charged against the estate in every instance.  Even where it is proper that such a fee should be so allowed for the trial of the case in the lower Court, it may not be fair to impose such an expense upon the estate for the prosecution of an appeal.

In this case, as already noted, the proceeding for the construction of the will was instituted by trustees who sought to obtain in that way a decision as to the proper disposition of an estate committed to their custody.  It is clear that a suitable provision may rightfully be made out of the estate for the compensation of counsel employed by the trustees for that purpose.  All of the parties who might claim to be entitled to the fund awaiting distribution were made defendants in the case with equal opportunities to litigate among themselves the question of title.  One of the defendants was interested in a theory of construction to which the interests of all the other defendants were opposed.  In the latter group the appellees' client was apparently the only active contestant.  Only one of the parties, an infant defendant, with interests adverse to the theory adopted by the decision, was legally incapable of employing counsel.  If the Court below had appointed counsel to represent the infant defendant, a fee for such a service might have been made payable out of the fund as in the case of *Walker* v. *Waters, supra.*  Since the services rendered by the appellee solicitors enured to the proper presentation of the infant's interests, we are not disposed to rule against the allowance of a reasonable fee out of the fund for that service in the lower Court.  But when a decision had been obtained from that Court upon the issue between the parties, we see no reason, either in the nature of the question presented or in the other circumstances of the case, why any of the unsuccessful defendants should be entitled to prosecute an unavailing appeal to this Court at the

expense of the defendant, whose right to the fund had been thus formally adjudicated.

Except for the interest and incapacity of the infant defendant we should feel compelled to hold that the counsel fee in controversy should be wholly disallowed as a charge against the fund. There are no special conditions in the case which, in our judgment, are sufficient to support such a claim for compensation out of money decreed to belong to an adverse party. Under all the circumstances we think it would be proper to allow out of the fund to the appellee solicitors such an amount as the Court below may determine would be reasonable compensation for their services in that Court, in so far as they may be regarded as having practically represented the interests of the infant defendant. The case will be remanded to the end that the order appealed from may be thus modified.

*Order reversed, with costs and cause remanded.*