MARGARET H. MUDGE *v.* ARTHUR P. MUDGE.

*Pecuniary Bequest—Construction.*

A gift by will to testator's grand-daughter of "five thousand
dollars absolutely," followed by a direction that fifty dollars be
given to her monthly "until she shall receive in this way five
thousand dollars," with a gift over of any part of such sum not
received by her owing to her death, *held* to intend the monthly
payments in addition to the five thousand dollars given abso-
lutely.

*Decided June 9th, 1927.*

Appeal from the Circuit Court for Baltimore County,
In Equity (GRASON, J.).

Bill by Margaret H. Mudge against Arthur P. Mudge,
individually and as executor of the last will and testament of
Edward Tileston Mudge, deceased. From a decree for de-
fendant, plaintiff appeals. Reversed in part and affirmed in
part.

The cause was argued before BOND, C. J., PATTISON,
URNER, ADKINS, OFFUTT, PARKE, and SLOAN, JJ.

*Philander B. Briscoe,* for the appellant.

*Leigh Bonsal* and *Wm. H. Lawrence,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

Edmund Tileston Mudge, late of Baltimore County, de-
parted this life on or about the 7th day of January, 1926,
after having, on the 30th day of September, 1925, executed
his last will and testament in these words:

"I, Edward Tileston Mudge of Baltimore County,
Maryland, do make and publish this my last will and

testament, hereby revoking all wills by me heretofore made.

"After the payment of my just debts and funeral expenses, I give, devise and bequeath my estate as follows:

"First. I give and bequeath to my wife, if she survives me, the proceeds of my life insurance policies, aggregating ten thousand dollars, should she predecease me, then the said ten thousand dollars to revert to my son Arthur P. Mudge.

"Second. To my grand-daughter Margaret I give and bequeath the sum of five thousand dollars absolutely and direct the sum of fifty dollars each month to be paid her until she shall in this way receive five thousand dollars. Should she die before receiving the said sum to be paid in this manner, any residue thereof to revert to her father, my said son Arthur.

"Third. Should my son Arthur survive me I give and bequeath to him all my interest and share in the business of Dobler & Mudge. I hereby make him my residuary legatee and constitute and appoint him the executor of this will without bond.

"In Testimony Whereof, I have hereto subscribed my name and affixed my seal this 30th day of September, in the year nineteen hundred and twenty-five."

The will was, on the 12th day of January, 1926, admitted to probate, and thereafter letters testamentary were issued to testator's son, Arthur P. Mudge, who qualified and entered upon his duties as such executor.

Margaret H. Mudge, the granddaughter of the testator, filed in the Circuit Court for Baltimore County, sitting as a court of equity, a bill against Arthur P. Mudge, individually and as executor of Edmund Tileston Mudge, deceased, asking for a construction of the will.

In her bill she alleges that by the "true construction of said last will and testament, and particularly of the second paragraph thereof * * * the complainant is given and bequeathed

the sum of five thousand dollars in addition to and in excess of the sum of fifty dollars each month to be paid until an additional amount of five thousand dollars is received," though the "defendant denies that such is the proper construction of said last will and testament and claims that the testator intended only to give the sum of five thousand dollars to be paid in monthly instalments."

The bill then alleges that "she has demanded in writing the payment of said five thousand dollars in addition to said monthly payments but the defendant has refused to pay the same."

The defendant answered the bill, admitting all its allegations except the one alleging that, by a true construction of the will, the plaintiff was entitled to receive thereunder the amount claimed therein by her.

After a hearing upon bill, answer and testimony taken in open court, the learned chancellor adopted the contention of the defendant and decreed:

"That the defendant, Arthur P. Mudge, executor of the last will and testament of Edward Tileston Mudge, pay unto the plaintiff, Margaret H. Mudge, the sum of five thousand dollars, paying the same in instalments of fifty dollars each month until said total sum is paid, in the event of said Margaret H. Mudge dying before receiving the full sum of five thousand dollars, the residue of said sum not paid is to go to her father, Arthur P. Mudge, as provided in said will.

"It is further ordered and decreed that the bill filed in this case is not dismissed and this court will hold the case until the estate is fully administered in the Orphans' Court of Baltimore County, when upon a petition filed in this case by the plaintiff, this Court will assume jurisdiction of the trust created under the second clause of the will relating to the bequest of five thousand dollars mentioned above.

"And it is further ordered that the defendant pay the cost of this proceeding out of the funds of the estate of the testator."

From that decree the appeal in this case was taken.

At the time of the death of the testator, he was the owner of a tract of land in Baltimore County, containing approximately forty acres, together with the buildings and improvements, thereon, valued and assessed upon the tax records of said county at the sum of fifteen thousand five hundred and seventy-one dollars, and, at such time, he also had personal property of the appraised value of more than seventy-five thousand dollars. In addition to this, he had a life insurance policy for the sum of ten thousand dollars, which by his will was to go to his wife if she survived him; if she predeceased him, it was to go to his son Arthur, and as the testator survived his wife, the policy upon his death became the property of Arthur. The estate thus left by the testator amounted approximately to one hundred thousand dollars. As shown by the record, the testator left the one son Arthur and no daughters. Arthur had four children, one by his first wife, and three by the second wife. Margaret, a daughter by the first wife, was, at the time of the execution of the will, nearly twenty-one years of age, and was not living with her father. These facts were all known to the testator at the time he made his will, and it was with the knowledge of them that he disposed of his estate of one hundred thousand dollars, and although he gave the great bulk of it to his son, he, nevertheless, was not unmindful of his granddaughter Margaret, for whom he made the provision in his will, which is now involved in this litigation. He, it seems, was unwilling to trust her future welfare to the care of her father, as he did with the other children of his son, but wished to place her in a position where she would not be altogether dependent upon the consideration of her father.

In our efforts, therefore, to ascertain the intention of the testator in the disposition of his property and estate, we should bear in mind the above stated facts, which, as we have said were known to the testator when he disposed of his property, and by which we may reasonably assume that he was more or less influenced.

It is the language used in the second clause of the will that

gives rise to the controversy in this case. By this clause of
his will, the testator gave to his granddaughter Margaret,
"the sum of five thousand dollars absolutely." Following
this bequest, are the words, "and direct the sum of fifty dol-
lars each month to be paid her until she shall in this way
receive five thousand dollars. Should she die before receiving
said sum to be paid in this manner, any residue thereof to
revert to her father, my said son Arthur."

In arriving at the intention of the testator as to the amount
his granddaughter was to receive from him, we must deter-
mine the effect of such language upon the bequest of five
thousand dollars made to her absolutely. Are the words so
used to be treated as qualifying words, in the sense that the
absolute gift of five thousand dollars is to be only a direction
to the executor to pay the granddaughter the sum of fifty
dollars a month until he has paid her five thousand dollars
should she live to receive it? If so, the absolute gift to her
of five thousand dollars would mean only a payment of fifty
dollars to her should she die at the end of one month after
receiving one payment, or nothing at all, should she die
before the time of the first payment. Or, are such words
to be given the meaning that, in addition to the above gift
of five thousand dollars, she is to be paid monthly by the
executor the sum of fifty dollars so long as she may live to
receive it, or until the sum so paid to her shall amount to
five thousand dollars?

The words we have quoted, following the language by
which the testator gave to his granddaughter five thousand
dollars absolutely, were not, in our opinion, used by the
testator to qualify in any way the absolute gift previously
made, but were independently used as expressing a direction
that, in addition to the absolute gift, there was to be paid
to her monthly the amount therein named. It is, however,
claimed by the appellee that, had it been the intention of
the testator to give to Margaret five thousand dollars abso-
lutely, and to have paid to her the sum of fifty dollars per
month, in the manner stated, he, after making such absolute

gift, would have said "and in addition thereto, direct the sum of fifty dollars each month to be paid to her," inserting therein, the additional words "in addition thereto." This probably would have made his meaning clearer, but we do not think the use of such additional words was at all essential in reaching the conclusion that it was his intention not only to give her five thousand dollars absolutely, but that she should be paid monthly, in addition thereto, the amounts therein named.

The fact that there was to be paid to her fifty dollars per month until she had received five thousand dollars, the amount of the absolute gift, no doubt, largely influenced the appellee in making the claim that he here makes, for had it been three or four thousand dollars, or any amount other than five thousand dollars, and for example, had read: "to my granddaughter, Margaret, I give and bequeath the sum of five thousand dollars absolutely, and direct the sum of fifty dollars each month to be paid her until she shall in this way receive three thousand dollars," the contention of the appellee would not, we think, have been made.

In our opinion, it was the intention of the testator, by the language used, to give to his granddaughter Margaret five thousand dollars absolutely, and in addition thereto, he directed there should be paid to her each month the sum of fifty dollars, until she had in that way received five thousand dollars, if she lives sufficiently long to receive said amount by such monthly payments.

From what we have said, we will reverse the decree in so far as it fails to order and direct the executor to pay over to Margaret H. Mudge the said absolute gift to her of five thousand dollars, the existence of which the court in its decree failed to recognize.

> *Decree reversed in part, affirmed in part, and case remanded that a decree may be passed in conformity with this opinion; the costs to be paid out of the estate.*