ARTHUR P. MUDGE, Executor, *v.* MARGARET H. MUDGE.

[No. 36, January Term, 1928.]

*Decided April 4th, 1928.*

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*David Ash,* for the appellant.

*Philander B. Briscoe,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Orphans' Court of Baltimore County, authorizing and directing the appellant Arthur P. Mudge, executor of Edmund Tileston Mudge, deceased, to pay to Philander B. Briscoe, counsel for Margaret H. Mudge, the appellee, the sum of one thousand dollars, for his services in connection with the filing of a petition in equity, in the circuit court for said county, asking for the construction of the will of Edmund Tileston Mudge.

Arthur P. Mudge was the only son and child of the testator, and to him his father devised his entire estate, after providing for the payment of certain life insurance policies to his widow, should she survive him, and the payment of a legacy to his granddaughter Margaret H. Mudge, daughter of Arthur P. Mudge by his first wife.

The construction of the will was asked for by the granddaughter because of the language used by the testator in bequeathing to her the legacy mentioned, she claiming that the amount she was to receive thereunder was five thousand dollars more than her father, the executor, thought she was entitled to under the will. The court below decided adversely to her claim and an appeal was taken to this court. *Mudge v. Mudge,* 153 Md. 291.

This court, on appeal, reversed the decree of the lower court, and held that she was entitled to the additional sum of five thousand dollars, claimed by her, and remanded the case, that a decree might be passed in conformity with its opinion.

After the passage of such decree by the lower court, the appellee filed her petition in the orphans' court, alleging the

employment by her of Philander B. Briscoe as her solicitor in the proceedings asking for a construction of the will, and praying that he be allowed a fee for his services in connection therewith, out of the corpus of the estate. The petition was answered and a hearing had, and the court passed the order appealed from, authorizing and directing that the sum of one thousand dollars be paid to her said solicitor as prayed in the petition. There is, as we gather from the record, and the briefs of the counsel, no question made as to the amount of the fee, the sole question being whether or not the fee should be allowed out of the corpus of the estate, causing the burden of its payment to fall exclusively upon Arthur P. Mudge, the residuary devisee and legatee under the will.

The decision of this question involves the consideration of the power of the orphans' court to pass orders of this character. The orphans' court has only a special and limited jurisdiction and can exercise no authority not expressly given to it by law. Section 271 of article 93 of the Code; *Townshend v. Brooke,* 9 Gill, 90; *Bowie v. Ghiselin,* 30 Md. 553; *Norment v. Brydon,* 44 Md. 116; *Browne v. Preston,* 38 Md. 373; *Taylor v. Bruscup,* 27 Md. 225; *Dalrymple v. Gamble,* 68 Md. 156. It can only direct the allowance of counsel fees out of an estate in cases where the statute authorized such an allowance. The statute does not in express terms authorize the allowance of counsel fees, but it (Code, art. 93, sec. 5) provides for an allowance "for costs and extraordinary expenses (not personal) which the court may think proper to allow, laid out in the recovery or security of any part of the estate." It is under this general provision that counsel fees have, in a number of cases, been allowed out of estates. *Miller's Equity Proc.,* 671; *Glass v. Ramsey,* 9 Gill, 456; *Ex parte Young,* 8 Gill. 285; and other cases.

It would be difficult to lay down any fixed rule of unvarying application by which the question of the right or power of the orphans' court to allow fees out of estates may be determined. Whether an estate should be charged with counsel fees for services rendered in litigation of this general character must be determined largely from the circumstances

of each particular case, having due regard for the provisions of the statute upon which such power is exercised, authorizing the allowance of counsel fees where the services are rendered in the recovery or security of the whole or some part of the estate. To be allowable, the services of the attorney, for whom a fee is asked, should, in some way, be beneficial to the estate, either by the enlargement or the protection of it, and not where the only question to be decided is to whom the estate, or any part of it, shall go, and in what proportions. *Dalrymple v. Gamble, supra; Gorton v. Perkins,* 63 Md. 570; *Koenig v. Ward,* 104 Md. 564; *Compton v. Barnes,* 4 Gill, 55; *Miller, Equity Proc.* 671, par. 567, and notes thereto.

The appellee in support of her claim for counsel fees cites the cases of *Clayton v. Stein,* 135 Md. 684, and *Walker v. Walters,* 118 Md. 203. Neither of these appeals was from an order of the orphans' court, but from orders of a court of equity, where the power of the orphans' court to pass orders of this character was in no sense involved.

In the first of these cases, the trustees named in the will of James C. Clayton filed their bill asking for a construction of the will to ascertain what distribution should be made of a one-sixth part of the estate. In disposing of this question, the court held that, as to such part, the testator had died intestate and ordered that it be distributed to his sister and only heir at law, which order was affirmed by this court in *Smith v. Baltimore Trust Co.,* 133 Md. 404. The appellants' solicitors then asked for and obtained an order of the lower court, a court of equity, directing the auditor to allow them from the funds for distribution in that court a fee of five hundred dollars for their services in that court and on appeal, subject to the usual right of exceptions. To such allowance, exceptions were filed by the sister of the testator, and the case (*Clayton v. Stein, supra*) was brought thereon to this court on appeal.

What was there said by this court in discussing the powers of the equity court (a court of much greater powers than the orphans' court) in passing the order it did, can have no

effect upon the decision of the question before us, that is, whether the orphans' court had the power to grant the order here appealed from. This question must be disposed of in accordance with the law applicable in the court in which the proceeding was had and in no other. We may add, however, that in *Clayton v. Stein* this court affirmed the order of the equity court in allowing counsel his fee, because of the fact that the services rendered, for which a fee was allowed, enured to the interest of an infant who was incapable of employing counsel. The court in that case said, "except for the interest and incapacity of the infant defendant, we should feel compelled to hold that the counsel fee in controversy should be wholly disallowed as a charge against the fund."

The case of *Koenig v. Ward, supra,* is very similar to the case under consideration, and what was there said is controlling in this case. The appeal in that case was from an order of the Orphans' Court of Baltimore County overruling the appellants' exceptions to an administration account filed by the appellees and finally ratifying the account. The matter excepted to was the allowance out of the estate of counsel fees to the appellees, administrators, for services rendered by them as attorneys for Elizabeth Becker, a daughter of Frederick W. Koenig, deceased, in prosecuting a caveat filed by her to an alleged last will of her father which had not been admitted to probate. The appellees sought to support the action of the orphans' court in allowing them counsel fees, because the litigation for which they were paid proved beneficial to the estate, and contended that its allowance was within the jurisdiction conferred upon the orphans' court. The court said, in response to this contention: "In the present case the appellants who are entitled to by far the larger part of the estate were not benefited, but were injured by the result of the caveat and there is no reason why they should be required to pay the costs incurred in its prosecution. Nor can it be successfully contended that the services of the appellees were beneficial to the estate which was neither augmented nor enlarged in any manner by the result

of the proceedings under the caveat. The purpose and operation of the caveat were not to recover the estate, or to protect it from spoliation, but to determine who should get it, and in what proportions. The practical question litigated and settled under the caveat was one of distributive right, *i. e.,* whether the estate should be divided between the beneficiaries under the will or the heirs at law and distributees of the decedent. It was not an issue between the estate and third parties, but one *inter partes* those claiming to be interested in its distribution. Under these circumstances the orphans' court has no authority to allow the counsel fees to be paid out of the estate."

The same may be said of the case before us; the services of counsel, for whom a fee was allowed by the orphans' court, in no way benefited the estate. As a result of such services, the estate was in no way enlarged or protected in part or as a whole. The purpose and effort of the appellee "was not to recover the estate or protect it from spoliation," but to determine the amount that should be distributed to her. It was solely a question of distributive right. Whatever the result might have been, the estate would in no way have been benefited thereby. It was solely an issue between the appellee as legatee and the appellant as residuary devisee. This being so, the orphans' court had no power or authority to allow a counsel fee out of the corpus of the estate.

We will, therefore, reverse the order of the orphans' court appealed from.

*Order reversed, appellee to pay the costs.*