DIANA GRADMAN *v.* THEODORE F. BROWN, ET AL.

[No. 28, October Term, 1944.]

*Decided November 15, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, J.J.

*F. Neal Parke,* with whom was *Robert L. Mainen* on the brief, for the appellant.

*Michael Paul Smith,* with whom were *Theodore F. Brown* and *A. Earl Shipley* on the brief, for the appellees.

GRASON, J., delivered the opinion of the Court.

In the October Term, 1943, we considered an appeal from an order of the Orphans' Court overruling exceptions filed to the first and final administration account of Diana Gradman, executrix of Isadore J. Gradman, deceased. The exceptions were filed by Philip J. Gradman, guardian for Morris Gradman, infant, and as brother and next friend of Lena Friedman and Ynty Gradman, legatees. This Court, in the opinion filed in that case on November 10, 1943, reversed the Orphans' Court and remanded the case for proceedings in accordance with that opinion. *Gradman v. Gradman,* 182 Md. 293, 34 A. 2d 433. After the first and final administration account was filed by the executrix, Philip Gradman, as guardian and next friend, employed Messrs. Brown and Shipley to file exceptions to the account, and when the exceptions were overruled by the Orphans' Court, they were employed to prosecute an appeal therefrom to this Court. After the remand, following the opinion of this Court, this law firm filed a petition in the estate setting out their employment by Philip Gradman, guardian and next friend as aforesaid, and detailing the services rendered. Diana Gradman, as legatee and executrix under the will of Isadore J. Gradman, deceased, and as natural guardian and next friend of Lee Herbert Grad

man and Elaine Harriet Gradman, distributees under said will, filed an answer to the petition for counsel fees. After hearing the matter, the Orphans' Court, on the "3rd day of April, 1944, ordered and decreed * * * tha' Diana Gradman, the Executrix of Isadore J. Gradman, deceased, pay unto the said Attorneys, out of the funds in her hands belonging to this estate, the sum of One Thousand Dollars ($1,000.00) in full settlement and satisfaction for the services rendered by the said Attorneys as set forth in their petition." From this order the appeal in this case was taken.

This record presents two questions: (1) The authority of the Orphans' Court to allow the feee to Messrs. Brown and Shipley, and (2) if it had the authority to do so, was the fee allowed excessive?

There are many cases in which this Court has passed on these questions, and to refer to and review all of them would unduly prolong this opinion. A few of the latest opinions will be referred to.

The case of *Clayton v. Stein*, 135 Md. 684, 688, 109 A. 444, was strongly relied upon by appellees and they also contend Chapter 511 of the Acts of 1939 and Chapter 441 of the Acts of 1937, Sections 5 and 7, Article 93, Flack's Code, 1939, authorized the Orphans' Court to allow this fee. On April 4, 1928, this Court filed its opinion in the case of *Mudge v. Mudge*, 155 Md. 1, 141 A. 396, 397. At that time Section 5 of Article 93 of the Code of Public General Laws of Maryland of 1924 was current. It provided that an executor or administrator would, among other things, be allowed "costs and extraordinary expenses (not personal), which the Court may think proper to allow, laid out in the recovery or security of any part of the estate." In that case a petition for fee was filed in the Orphans' Court for legal services rendered in an equity proceeding filed for the purpose of having a will construed. On appeal to this Court, Judge Pattison said:

"The appellee, in support of her claim for counsel fees, cites the cases of *Clayton v. Stein*, 135 Md. 684, 109 A.

444, and *Walker v. Walters,* 118 Md. 203, 84 A. 466. Neither of these appeals was from an order of the Orphans' Court, but from orders of a court of equity, where the power of the Orphans' Court to pass orders of this character was in no sense involved.

"What was there said by this Court in discussing the powers of the equity court (a court of much greater powers than the Orphans' Court), in passing the order it did, can have no effect upon the decision of the question before us; that is, whether the Orphans' Court had the power to grant the order here appealed from. This question must be disposed of in accordance with the law applicable in the court in which the proceeding was had and in no other. * * * As a result of such services, the estate was in no way enlarged or protected in part or as a whole. The purpose and effort of the appellee 'was not to recover the estate or protect it from spoilation,' but to determine the amount that should be distributed to her. It was solely a question of distributive right. Whatever the result might have been, the estate would in no way have been benefited thereby. It was solely an issue between the appellee as legatee and the appellant as residuary devisee. This being so, the Orphans' Court had no power or authority to allow a counsel fee out of the corpus of the estate."

At the time the case of *Mayor and City Council of Baltimore v. Link,* 174 Md. 111, 197 A. 801, was decided, the authority of the Orphans' Court to allow counsel fee had not been changed by the Legislature since the decision in the Mudge case, supra. The Link case involved an appeal from an order of the Orphans' Court allowing a counsel fee to William Purnell Hall for professional services rendered to Ferdinand C. Link, administrator of the estate of Joseph Truszkowski, who died without known heirs or next of kin. More than fifty people claimed to be related to the deceased and, as such, asserted interests in the distribution of the estate. The Mayor and City Council claimed the estate on the part of the School Board. That case refers to a number of

the decisions of this Court. It quoted *Miller v. Gehr*, 91 Md. 709, 47 A. 1032:

"Although the statute does authorize the Orphans' Court to allow the costs and extraordinary expenses 'which the Court may think proper to allow,' its action can be reviewed by this Court as to the reasonableness of the allowance." [174 Md. 112, 197 A. 803.]

After the above quotation, it was said:

"By the express terms of the above statute, services for which compensation may be allowed are limited to those required for recovery of any part of the estate not in hand, or for the security of any part of the estate in hand, and, unless the services rendered are confined to these two purposes, a fee cannot be allowed, because the express terms of the statute contained in Article 93, Section 5 of the Annotated Code, as amended by Laws of 1935, C. 483, are 'for costs and extraordinary expenses (not personal) which the Court may think proper to allow, laid out in the recovery or security of any part of the estate.' * * * Whatever the determination might have been with respect to these claimants and to the right that they were asserting, the estate would not have been augmented or diminished by one dollar. The estate for distribution would have been the same in either event. * * * The pronouncement in *Mudge v. Mudge*, supra, is in effect only a reiteration of the language in *Koenig v. Ward*, 104 Md. 564, at Page 566, 65 A. 345, but these and other cases there cited clearly show that, regardless of the character of the litigation, if the issue involves the rights of alleged distributees and not the augmentation of the estate or its protection from spoliation, then the Orphans' Court, in its limited statutory jurisdiction, is not authorized to allow counsel fees."

By Chapter 511 of the Acts of 1939, Section 5 of Article 93 of the Annotated Code of Maryland (1924) was repealed and reenacted with amendments. It prescribes and specifies the order and priority in which the assets of an estate shall be allowed and distributed in the administration account of an executor or administrator.

First are the funeral expenses, next, the allowance of the executor or administrator for costs and extraordinary expenses, then follows other obligations to which successive priority is given. The present law will be quoted and in this quotation the italicized words will indicate the amendment made by the Act of 1939:

"Second, his allowance for costs and extraordinary expenses (not personal) which the Court may think proper to allow, laid out *in the administration or distribution of the estate* or in the recovery or security of any part *thereof, costs to include reasonable fees for legal services rendered upon any matter in connection with the administration or distribution of the estate in respect to which the Court may believe legal services proper."*

Before the passage of this Act, Orphans' Court had no power to allow fees except when services were rendered for the purpose of recovery or security of the assets of the estate. This Act authorizes such courts, when they think proper, to allow expenses of the representative laid out *in the administration or distribution of the .estate,* which expenses *include reasonable fees for legal services rendered upon any matter in connection with the administration or distribution of the estate in respect to which the Court may believe legal services proper.* This Act does not warrant payments of fees unless the services were rendered to the personal representative. Chief Judge Bond, in *Hayden v. Stevens,* 179 Md. 16, 19, 16 A. 2d 922, 923, referring to this Act, said:

"Whether the provision is intended to authorize charging the estate in any case with compensation for legal services against the estate need not be decided now. It does not compel it in all cases."

An executor or administrator, as the case may be, is the legal representative of all persons interested in an estate and acts for them. It is difficult to believe that the Legislature intended to authorize the allowance of a fee in all cases where proceedings are instituted under this Act, not by the personal representative but by some other person. If that were so a fee could be allowed in

all cases to litigants who institute proceedings to protect their individual interest. Such practice conceivably might result in substantially diminishing the estate in hand and work a hardship upon distributees. And the Act itself deals with priority to be given claims by an executor or administrator in stating an administration account. The Legislature intended to authorize personal representatives to employ counsel to advise them in matters affecting the administration or distribution of an estate where they are confronted with difficulties that a layman could not deal with but required advice, even though the matter was not one that pertained to the recovery or security of an estate.

The Act of 1937, Chapter 441, added a new section to Article 93 of the Code and reads:

"For legal services rendered by an attorney at law to an estate, the Orphans' Court may on his own petition allow such attorney such sums as it may deem reasonable as an expense in the administration account of the Executor or of the Administrator during whose encumbency such services were rendered."

When this Act was passed by the Legislature it knew that personal representatives would be allowed counsel fee for services rendered in the recovery or protection of the assets of an estate. And the Legislature must have thought that this Act did not authorize Orphans' Courts to allow representatives for fees paid to attorneys for advice given them in the course of administration or distribution of an estate, because it thereafter passed the Act of 1939, Chapter 511, which conferred that power. This Act intended to authorize the Orphans' Court to allow a fee, which it could not allow before, to an attorney "for legal services" rendered "to an estate." The word estate means, in the testamentary law, such property that passes, upon death, to the personal representative of the decedent. A legatee, or distributee, is a party entitled to take the whole or a part of an estate.

It is clear under the facts of the case that appellees did not render services to the estate. What they did

neither added to nor protected the estate. They represented Philip Gradman, in his fiduciary capacity, in the matter of the distribution of the estate of Isadore J. Gradman. And as their services were not rendered to the estate, the Orphans' Court was without power to allow them a fee.

It would be difficult to lay down any fixed rule of unvarying application by which the question of the right or power of the Orphans' Court to allow fees may be determined, under the Acts of the Legislature here considered. In allowing a fee in a given case sound judgment and discretion must be exercised under all the circumstances, and an appeal to this Court will lie from a breach of discretion.

*Order reversed, with costs to appellant.*