Honorable Theresa A. Lawler Chief Judge, Orphans' Court for Baltimore County
You have requested our opinion concerning the circumstances under which a petition for attorney's fees must be filed with the orphans' court when a decedent, typically an individual who suffered from an asbestos-related terminal illness, entered into a contingent fee agreement with an attorney for legal services prior to death. In particular, you ask whether notice to interested persons and creditors of the estate and orphans' court review are required in a number of different scenarios. These scenarios differ according to the size of the estate, whether legal services were rendered before or after the decedent's death, and whether gross or net proceeds from the attorney's recovery on behalf of the decedent becomes part of the estate. You indicate that orphans' courts around the State have adopted differing practices concerning whether and when to require fee petitions in such cases.
In our opinion, orphans' court review is required whenever estate funds are used for the payment of attorney's fees. This review should occur even if the estate is a small estate and regardless of when legal services are rendered.
 I Statutory Framework
A. Property of the Estate
The word "estate" means "in the testamentary law, such property that passes, upon death to the personal representative of the decedent." Riddleberger v. Goeller, 263 Md. 44, 54,282 A.2d 101 (1971) (quoting Gradman v. Brown, 183 Md. 634, 640,39 A.2d 808 (1944)). Title 7 of the Estates and Trusts Article ("ET") contains general provisions relevant to the administration of an estate. ET § 7-101(a) provides that a personal representative is "a fiduciary," with "a general duty to settle and distribute the estate of the decedent . . . as expeditiously and with as little sacrifice of value as is reasonable under the circumstances. In so doing, he or she must consider "the interests of all interested persons and creditors." Id. A personal representative has the right to "take possession or control of the estate," ET § 7-102, and the duty to provide notice to all persons who might have an interest in the estate, including creditors, heirs and legatees. ET §§ 7-103, 7-103.1, 7-104.
A recovery for personal injuries or illness to the decedent is among the assets of the estate. "All causes of action or collectible claims which the decedent had at the time of his death, and which survive his death, and the proceeds of such claims, are personal property which become assets of his estate. . . ." 31 Am. Jur. 2d Executors andAdministrators § 476 at 330; see also Emmert v.Hearn, 309 Md. 19, 24, 522 A.2d 377 (1987) (personal property of the estate includes choses in action); Sullivanv. Doyle, 193 Md. 421, 431, 67 A.2d 246 (1949). If a decedent is involved in litigation at the time of death, the personal representative is substituted as a party.See Md. Rule 2-241. In addition, "the personal representative . . . has the discretionary power to bring a survival action, i.e., an action that the decedent could have brought but for his death, for the protection or benefit of the estate." Beyer v. Morgan StateUniversity, 139 Md. App. 609, 636, 779 A.2d 388 (2001),aff'd, 369 Md. 335 (2002).[1] Seealso ET § 7-401(y) (personal representative may prosecute litigation, including "the commencement of a personal action which the decedent might have commenced or prosecuted").
B. Payment of Attorney's Fees
If the decedent had entered into an agreement with an attorney for legal services to recover for personal injury, such as one that resulted in a terminal illness, the personal representative "may perform the contracts of the decedent that continue as obligations of the estate. . . ." ET § 7-401(v). A personal representative is entitled to reasonable compensation for services. ET § 7-601. A personal representative who "prosecutes a proceeding in good faith and with just cause" is entitled to receive "necessary expenses and disbursements from the estate regardless of the outcome of the proceeding." ET § 7-603.[2] An attorney retained by the estate is entitled to "reasonable compensation for legal services rendered by him to the estate and/or personal representative." ET § 7-602(a). The attorney's fees are paid directly from the corpus of the estate,see Riddleberger, 263 Md. at 57, and the decision to award them requires an exercise of discretion by the orphans' court. SeeWolfe v. Turner, 267 Md. 646, 653, 299 A.2d 106 (1973).
The personal representative is to give written notice to each creditor and all interested parties of a proposed payment to an attorney, and the attorney may not be paid from estate funds until notice is provided and the orphans' court approves the payment. ET § 7-502; Md. Rule 6-416(a). The evident purpose of these requirements is to ensure that personal representatives and attorneys act in accordance with their fiduciary duty to the estate. Cf Beyer, 369 Md. at 719-20; Attorney Grievance Comm'nv. Owrutsky, 322 Md. 334, 344, 587 A.2d 511 (1991). In Beyer,
the Court held that a personal representative "breached her fiduciary duty to give notice and secure approval before expending estate assets" when she spent $40,000 in estate funds belonging to a university to retain an attorney for litigation that could potentially benefit her but not the university. InOwrutsky, an attorney acting as a personal representative used estate funds to make a loan to himself and an unsecured loan to a friend and business associate. In affirming disciplinary action taken against the attorney, the Court stated that an attorney "has no right to [estate] funds, either as a commission or an attorney's fee, unless and until an approval pursuant to § 7-601
or § 7-602 of the Estates and Trusts Article . . . has been obtained from the Orphans' Court."
The statute provides for the payment of attorney's fees and personal representative commissions from an estate without court approval only under certain conditions, including the consent in writing of each creditor and all interested parties. See ET § 7-604.
C Small Estates
Maryland law provides a simplified procedure for administering estates with a value of $30,000 or less, or of $50,000 or less if the surviving spouse is the sole legatee or heir of the decedent. ET § 5-601 et seq. Under this procedure, a small estate is generally administered without orphans' court supervision. In addition, an accounting is not required, ET § 5-601(b), and a personal representative is not entitled to receive a commission, ET § 5-604(a)(3). While no specific provision is made for the award of attorney's fees in the statute governing small estates, it provides that "[e]xcept to the extent inconsistent with the letter and spirit of this subtitle, all other provisions of the estates of decedents law shall be applicable to a small estate." ET § 5-607.
 II Analysis
You have outlined several scenarios that may occur in connection with the payment of attorney's fees in asbestos or similar litigation where the plaintiff has entered into a fee agreement with an attorney, but dies prior to payment of the fees. In our opinion, statutory provisions for the review and approval of attorney's fees should be followed in these cases except where such provisions plainly do not apply. See, e.g.,Piper Rudnick LLP, 386 Md. at 237 (holding that orphans' court approval before retaining counsel is not required where will expressly granted personal representative the power to appoint counsel without prior court authorization).
For example, you described a scenario in which a circuit court enters a judgment on behalf of a decedent in the amount of $60,000, specifically authorizing an attorney to be paid $20,000 and the decedent's estate to be awarded $40,000. While it has been suggested that only the portion earmarked for the estate is subject to the orphans' court jurisdiction, our reading of Maryland law is to the contrary. The entire award is the property of the estate, because, as we have noted, the estate includes a recovery for personal injuries or illness of the decedent.[3] Moreover, it is the orphans' court, not the circuit court, that has the authority to decide the attorney's fees to be awarded on behalf of a decedent. "Most significantly, the jurisdiction to approve these fees rests exclusively with the Orphans' Court." Vangrack, Axelson Williamowsky, P.C. v.Estate Of Mehru Abbasi, 261 F.Supp.2d 352, 362 (D. Md. 2003) (citing Beyer and Owrutsky).[4] Thus, assuming that the judgment was rendered after the death of the decedent in this scenario, we believe that the procedures set forth in ET §§ 7-502
and 7-602 and Md. Rule 6-416 must be followed in order for an attorney rendering services on behalf of the decedent to receive payment.[5]
These procedures must also be followed where a circuit court enters judgment on behalf of the decedent for $60,000 (without a fee allocation) and there is a written fee agreement between the attorney and the decedent that designates a percentage of the award as attorney's fees. While Maryland courts have not had occasion to consider whether a client, rather than the attorney, retains ownership interest in the entire recovery, including the contingency fee portion, see Philip Morris Inc. v. Glendening,349 Md. 660, 672 n. 7, 709 A.2d 1230 (1998), courts construing federal tax law have held that the client retains control over, and should be taxed, on the total award. "In the case of a litigation recovery the income-generating asset is the cause of action that derives from the plaintiffs legal injury."Commissioner of lnternal Revenue v. Banks, 125 S.Ct 826, 832
(2005). In that case, the Supreme Court reasoned that because "[t]he attorney is an agent who is duty bound to act only in the interests of the principal, . . . so it is appropriate to treat the full amount of the recovery as income to the principal."Id. at 833. Thus, despite a contingent fee agreement with his attorney, the client was responsible for paying taxes on the total award. See also Young v. Commissioner of lnternalRevenue, 240 F.3d 369, 378 (4th Cir. 2001) (rejecting suggestion that "a contingent fee arrangement gives an attorney a portion of a client's cause of action"). These authorities confirm that the entire award is aptly characterized as property of the estate and that procedures for approving an attorney's fee award should be followed.
Moreover, the death of the decedent means that the contract for legal services is voidable. While the personal representative "may perform the contracts of the decedent that continue as obligations of the estate . . ." ET § 7-401(v), the personal representative is not required to continue a contract for legal services entered into by the decedent, because such a contract is one for personal services, which expires upon the death of either party. Burka v. Patrick, 34 Md. App. 181, 186, 366 A.2d 1070
(1976). If the personal representative decides to continue a contingent fee contract, we believe that decision concerning fees should be subject to court review.
We see no reason why a different procedure should be followed in the scenario of a settlement agreement providing that a specified sum shall be paid to the estate. An attorney who pays himself pursuant to the agreement without seeking court approval runs afoul of the statutory requirements of notice and orphans' court review highlighted by the Court of Appeals in Owrutsky andBeyer. Nor should it matter whether the legal services were rendered before or after the decedent's death. In our opinion, the key timing issues are when the estate is created and when the settlement funds are available to be paid into the estate. Once settlement funds become estate property, an attorney cannot receive payment until the statutory notice and review procedures are followed.[6]
Another scenario you describe involves a small award that is part of an estate administered as a small estate. The small estates statute does not specifically provide for an award of attorney's fees, much less orphans' court review of an award. However, "[e]xcept to the extent inconsistent with the letter and spirit of this subtitle, all other provisions of the estates of decedents law shall be applicable to a small estate." ET § 5-607. In our view, the statutory notice and review procedure should be followed to award attorney's fees from a small estate, as no provision of the small estates subtitle is inconsistent with that procedure.
One might argue that it is unduly burdensome to require the filing of a petition for attorney's fees in a small estate, and thus contrary to "the spirit" of the small estates statute. However, in our opinion, small estates are entitled to the same protection afforded by the notice and review procedures as larger estates, unless there is specific authority to the contrary. If counsel fees were not subject to review and simply netted out of the estate without any court supervision, an estate would be vulnerable to the kind of abuse described in Beyer andOwrtusky.
The procedure need not be unduly burdensome in a small estate. An attorney requesting payment may simply attach to the petition the written fee agreement that is the basis for the claim.[7] Should this procedure prove too cumbersome, the General Assembly may wish to consider modifying the review procedure for small estates.
 III Conclusion
The orphans' court has exclusive Jurisdiction to review and approve requests for payment of attorney's fees related to a personal injury award or settlement received after the death of the plaintiff. This review should occur even if the estate is a small estate and regardless of when legal services are rendered.
 J. Joseph Curran, Jr. Attorney General
 Mark J. Davis Assistant Attomey General
 Robert N. McDonald Chief Counsel Opinions and Advice
[1] A survival action benefits the estate; by contrast, a wrongful death action is one on behalf of certain statutory beneficiaries for damages resulting from the decedent's death.See Beyer, 139 Md. App. at 636; Annotated Code of Maryland, Courts Judicial Proceedings Article, § 3-901 et seq.
(wrongful death actions).
[2] The Court of Appeals recently interpreted this provision, holding that "while § 7-603 does not contain an independent `benefit to the estate' requirement, that concept is a factor to be considered in the objective inquiry into whether the personal representative acted in good faith and with just cause." PiperRudnick LLP v. Hartz, 386 Md. 201, 232, 872 A.2d 58 (2005).
[3] An attorney has a lien for attorney's fees on a client's cause of action, settlement, judgment or award to the extent of a written agreement providing for such fees and the client's obligation to pay thereunder. See Annotated Code of Maryland, Business Occupations Professions Article, § 10-501; Md. Rule 2-652(b). However, Maryland courts have rejected the notion that the state's lien statute gives the attorney an ownership interest in these funds. See, e.g., Chanticleer Skyline Room, Inc. v.Greer, 271 Md. 693, 701, 319 A.2d 802 (1974).
[4] A federal district court has no jurisdiction over matters exclusively within the jurisdiction of an orphans' court. Accordingly, in determining the extent of its jurisdiction in a diversity case, a federal court looks to whether the matter "if brought in state court would be relegated exclusively to the probate court as opposed to a court of general jurisdiction."Vangrack, 261 F.Supp. 2d at 361. In Vangrack, the court stated that it "ha[d] not identified a single case in which a federal district court has awarded attorney's fees for services rendered to an estate when such fees have yet to be approved by the probate court." Because the jurisdiction to award attorney's fees in estate cases in Maryland resides in the orphans' court, not the circuit court, the federal district court held that it could not award attorney's fees in the case before it unless the fees had been approved by the orphans' court. Id. at 362.
[5] Where the damages amount and attorney's fees have been awarded by a circuit court prior to the death of the plaintiff, but not yet delivered, the only part of the award that belongs to the estate would be the damages, because the fees already belong to the attorney. This is likely to be a rare scenario because in a contingent fee contract the attorney's fees are determined by the contract, not the court. A more frequent scenario occurs when a court awards statutory attorney's fees in addition to damages, such as in an action under the Civil Rights Act of 1871,42 U.S.C. § 1983. Here, too, the only part of the award that belongs to the estate is the damages award because the court expressly awards fees to the attorney.
[6] A claim for legal services has the priority of payment set forth in ET § 8-105(a), which provides in part that, if estate assets are insufficient to pay all claims in full, the personal representative must first pay fees due to the register, costs and expenses of administration, and funeral expenses before paying attorney's fees.
[7] Under ET § 7-604, court approval is not required if each creditor and interested party consents in writing to the proposed payment to the attorney. *Page 153